## ATTORNEY GENERAL v. GEORGE W. PAGE.

*Validity of township organization.*

If a petition for the organization of a township is regular on its face, and is presented with due notice and in compliance with all legal requirements, the action of the board of supervisors upon it is political and final.

An information in the nature of a *quo warranto* involved the legality of the organization of a township. The plea alleged its organization after due preliminaries. The replication denied the legality of the proceedings on the ground that the petition for its organization was not signed by the required number of freeholders. *Held* that if the objection relied upon was that those who did sign were not freeholders, it should have been distinctly set forth in the replication, and permission was given to amend it.

QUO WARRANTO. Submitted Jan. 18. Decided Jan. 29.

Attorney General *Otto Kirchner* and *Wisner & Draper* for the writ. If the several matters in a plea constitute one entire defense and the replication denies the substantial allegation in the plea, it is sufficient and good on demurrer. *Bradner v. Demick*, 20 Johns., 403.

*F. L. Allen* and *Ellsworth, Lewis & Sapp* for respondent.

MARSTON, J. As the proceedings in this case, although nominally to inquire by virtue of what authority the respondent holds the office of supervisor, in fact are to ascertain and determine the legal existence of the township of Elk in the county of Lake, the court should scrutinize very closely the proceedings in the cause, and should not permit any apparent inadvertence of counsel to prejudice the rights of the public. And the court should also see that an apparently clear case is made out against the organization of the township, as the result of any action we may take in such a case, if against the township, must prejudicially affect the rights and interests of the State as well as those of the county, and public corporations within the limits of the township.

The information among other things alleges that the township of Elk "has no legal existence and has had no legal existence at any time," and so the said respondent is holding, using and exercising the office of supervisor without authority of law.

The respondent in his plea alleges that the township was legally organized by the board of supervisors on the 9th day of January, 1874, and he sets forth the territory embraced therein. He also sets forth "that previous to constituting and organizing said township by said board of supervisors, written application therefor, signed by the requisite number of freeholders, according to law, was duly made to said board of supervisors, and notice in writing of the intention to make such application, subscribed by a legal number of freeholders of the township to be affected, were posted and published as required by law, and the statutes of the State of Michigan were in all respects complied with previous to such organization and constituting of said township." He also alleges that the board did, on the 9th day of January, 1874, legally constitute and organize said township and provide

a time and place for holding an election which was held on the first Monday in April thereafter, and that since then general elections, etc., have regularly been held.

The Attorney General in his replication admits that the supervisors did take certain steps to organize said township, and for holding an election, and that one was held. He denies the legality of the proceedings, for the reason that the written application was not signed by the requisite number of freeholders, nor was proper notice given. The effect of the whole replication, as we view it, would seem not to deny the fact that an application in proper form and purporting to be signed by the requisite number of freeholders had been presented to the board and proper notice thereof given, but that the persons signing such application were not freeholders in fact; therefore no proper application or proper notice was ever made or given. Whether this is the particular objection sought to be raised and relied upon does not clearly appear, but it would seem to be. If it is, then it should be distinctly set forth in the replication and not left to inference, as there may be no necessity, were the particular defects clearly pointed out, of sending this case to the circuit for a finding of the facts.

If an application proper in form, and signed by the requisite number of persons claiming to be freeholders, was duly presented to the board, of which notice had been given, it may at least admit of very serious doubt whether the action of the board thereon would not be final. It would be dangerous for courts to attempt in this manner to review their action, and to come to a conclusion other than that arrived at by the board, as to the qualifications of the applicants. That question must have been passed upon by the board, and being in the nature of a political one, relating to the proper organization of a township, their action thereon must necessarily be final. *Att'y Gen'l v. Supervisors of Lake County*, 33 Mich., 290.

Without farther passing upon the questions sought to

be raised, we are inclined to think that an opportunity should be afforded the Attorney General to amend his replication, if he deems it proper so to do, after what has been said.

The other Justices concurred.