HIRAM B. HIPP, SUPERVISOR, v. THE BOARD OF SUPERVISORS OF CHARLEVOIX COUNTY.

*Removal of county-seat—Election to decide the question ordered by a two-thirds vote—At meeting of board of supervisors when all of the townships were represented—Which election was held, and the result determined by the board upon a canvass—Action taken conclusive—Supreme Court not empowered to settle non-judicial controversies—Proper local and representative agencies of the people the proper tribunal.*

**1.** The board of supervisors of a county, at a meeting when *all* the towns were represented, by a *two-thirds* vote, ordered an election to determine upon the proposed removal of the county-seat, which election was held, and the result determined by the board upon a canvass.

    *Held*, that their action was *conclusive*, and no authority exists anywhere to dispute it.

**2.** The constitution has not empowered the Supreme Court to settle non-judicial controversies, the same being wisely left to the proper local and representative agencies of the people.

Certiorari to review the proceedings of respondent in the matter of the removal of the county-seat of Charlevoix county from East Jordan to Boyne City.

Argued July 8, 1886.    Writ quashed July 15, 1886.    The facts are stated in the opinion.

*Stone & Hyde* (*C. D. Cruickshank* and *James A. Kent*, of counsel), for petitioner.

*R. L. Corbett, W. A. Norton*, and *Taggart, Wolcott & Ganson*, for respondent.

CAMPBELL, C. J.    As the record in this case presents no points not already settled by the previous decisions of this Court, we declined to allow them to be opened.    The questions are not such as the courts have any right to disturb after they have been disposed of by the only authority which the law has empowered to act upon them.

The supervisors, at a meeting when all the towns were represented, by a two-thirds vote, ordered an election to determine upon the proposed removal of the county-seat.    This election was held, and the board determined the result upon a canvass.    That action is conclusive, and no authority exists anywhere to dispute it.    The controversy, which is not in any proper sense a judicial one, is closed.    The constitution has not empowered this Court to settle controversies not judicial, which are very wisely left to the proper local and representative agencies of the people.

The return shows that nothing has been done which is within our supervisory power, and the writ must be quashed.

The other Justices concurred.