PEOPLE, *ex rel.* ATTORNEY GENERAL, *v.* BOARD OF SUPERVISORS OF OSCEOLA COUNTY.

1. COUNTIES—ELECTION ON REMOVAL OF COUNTY SEAT—DECISION OF SUPERVISORS CONCLUSIVE.
   In an election under 1 Comp. Laws 1915, § 2280 *et seq.*, on the question of the removal of the county seat, the decision of the board of supervisors as to the result of the election is conclusive.

2. ELECTIONS—PURPOSE OF STATUTE GOVERNING ELECTIONS—MERE IRREGULARITIES NOT FATAL.
   The purpose of the statutes governing elections is to prevent fraud and to secure freedom and secrecy to the elector in casting his vote, and irregularities which do not affect such purpose will not destroy the efficacy of the ballot or disfranchise the elector casting it.

¹Counties, 15 C. J. § 86; ²Elections, 20 C. J. § 222.

3. COUNTIES — ELECTION ON REMOVAL OF COUNTY SEAT—BALLOT
   CONFORMING WITH STATUTE SUFFICIENT.
   
   Where, in an election on the question of the removal of
   the county seat, the ballot prepared and used strictly
   conformed to the statute (section 2282), clearly indicating
   to each elector the manner in which he should express
   himself, and gave him the opportunity to do so, it must be
   *held*, to be sufficient.

4. SAME—BALLOTS—QUESTION OF REMOVAL OF COUNTY SEAT NOT
   "SPECIAL QUESTION" WITHIN MEANING OF CONSTITUTION.
   
   Section 3, Art. 17, Const., as amended in 1918, and the
   election law (section 21, chap. 7. pt. 4, Act No. 351, Pub.
   Acts 1925) requiring that special questions to be submitted
   to vote should be printed on a single ballot with proposed
   constitutional amendments to be submitted at said election,
   refer only to special questions to be submitted to the people
   of the entire State, and therefore said requirement is not
   applicable to the ballot submitting to the voters of a county
   the question of the removal of the county seat.

Mandamus by the people of the State of Michigan,
on the relation of William W. Potter, attorney general,
to prevent the board of supervisors of Osceola county
from removing the county seat.    Submitted July 22,
1927.    (Calendar No. 33,239.)    Writ dismissed July
29, 1927.

*Judson E. Richardson* and *F. H. Dodds*, for plaintiff.

*Robert B. Savidge*, for defendant.

SHARPE, C. J.    Petition for mandamus.    The al-
legations therein may be thus summarized:

1. That on July 1, 1926, the defendant board adopted
a resolution providing that a proposition to remove the
county seat of said county from the village of Hersey
to the village of Reed City be submitted to a vote of
the electors of the county at the time of holding the
next annual township meeting in the several townships
in the county; that notice thereof be given in the

---

⁰Counties, 15 C. J. § 84; ⁴Id., 15 C. J. § 84 (Anno).

manner provided therein, and that the ballots should be in the following form:

"For the removal of the county seat    (  )
"Against the removal of the county seat    (  )."

2. That on April 4, 1927, the proposition was voted upon by the electors; that on April 11, 1927, the board of supervisors of the county met and canvassed the returns of the election as sent to them by the township inspectors and found that 2,915 votes had been cast in favor of such removal and 2,569 against the same, whereupon they declared the proposition carried. The ballots used at the election were in the form prescribed in the resolution.

3. That at said election several proposed constitutional amendments were submitted to the voters, but the proposition for removal was printed on a separate ballot.

4. That in precinct No. 2 of the township of Richmond the ballots, after having been marked by the voters, were placed by the inspectors in a ballot box provided for that purpose, and not in the box containing the ballots voted upon such constitutional amendments, and that such separate ballot box was not kept locked and the ballots were placed therein by raising the lid of such box.

5. That the board of supervisors are preparing to remove the county records and offices from the village of Hersey to the village of Reed City.

Averring that the election proceedings were void for reasons hereinafter stated, the petitioner prays for a mandamus to said board to prevent such removal. On the filing of the petition in this court, an order to show cause was granted.    Return has been made.    A plea has been filed thereto.    The defendant board moves to strike such plea from the files.    While the answer contains much matter other than admissions or denials of the allegations in the petition, the only denial to

which, as we think, the plea can apply is relative to the allegation set forth in the 4th paragraph above.

Printed briefs have been filed by counsel, and, it appearing that the residents of Reed City have already taken steps to carry out an agreement made by them to furnish the county with suitable buildings and equipment for the conduct of its official business at Reed City, and have incurred much expense therefor, and that preparations for removal of the county seat were nearly completed at the time the petition herein was filed (June 23, 1927), it seems important that a speedy determination of the matter be had.

Motion to Strike Plea from the Files. As before stated, the only material denial in the answer of the facts stated in the petition is in reference to the conduct of the election in precinct 2 of Richmond township. There is no allegation that fraudulent ballots were cast, nor that the ballots as cast were not properly preserved and counted. This question is but little discussed by counsel for the petitioner. The decision in the early case of *Attorney General* v. *Board of Sup'rs of Lake Co.*, 33 Mich. 289, is clearly controlling. In that case an information was filed by the attorney general to obtain an injunction to restrain the removal of a county seat. It was urged, among other things, "that by reason of illegal votes the canvass did not show a true expression of the will of the electors." After citing and quoting from the constitutional and statutory provisions governing such proceedings, Chief Justice COOLEY, speaking for the court, said:

"It is impossible, as it seems to us, to give due force to this language, without holding that the decision of the supervisors was meant to be, and must be, conclusive. There is no intimation that any right to contest it was to be left open afterwards; but their action is to settle the question of the removal 'for all purposes whatsoever.' It could not settle that question if a judicial review were still the right of dissatisfied parties. The question was one of a nature

peculiarly proper to be submitted finally to their determination, and this consideration is not without its force when the question is one of construction."

This decision has been cited with approval in *People, ex rel. Attorney General,* v. *Board of Sup'rs of Benzie Co.,* 34 Mich. 211; *Attorney General* v. *Page,* 38 Mich. 286; *People, ex rel. Mee,* v. *Benzie County Treasurer,* 41 Mich. 6; *Attorney General* v. *Canvassers of Iron Co.,* 64 Mich. 607. Its soundness has never been questioned. See, also, *Hipp* v. *Board of Sup'rs of Charlevoix Co.,* 62 Mich. 456.

The holding in *Smith* v. *Board of Canvassers,* 220 Mich. 318, and kindred cases, where recounts were asked for, that "laws enacted to preserve the evidence of the exercise of the elective franchise are mandatory" is not applicable. In such cases it has been held that the result as determined by the inspectors could not be reviewed by a recount unless the provisions for preserving the integrity of the ballots had been complied with.

It follows that an order will be entered striking the plea from the files. The proceeding then stands for determination upon the petition and answer.

Form of the Ballot. The statutory provisions regulating such an election will be found in section 2280 *et seq.,* 1 Comp. Laws 1915. In section 2282 it is provided:

"Those voting in favor of such proposed removal shall have written or printed on their ballots, 'for the removal of the county seat.' Those voting against such proposed removal shall have written or printed upon their ballots 'against the removal of the county seat.'"

It will be observed that the ballots as prepared and used strictly conformed to the statute. It is true that these provisions were enacted before the use of the Australian ballot, and that the ballots were then voted by a deposit in the box without any mark there-

on. The law, however, has not been changed. The purpose of the statutes governing elections is to prevent fraud and to secure freedom and secrecy to the elector in casting his vote. Irregularities which do not affect such purpose will not destroy the efficacy of the ballot or disfranchise the elector casting it. The form of the ballot used clearly indicated to each elector the manner in which he should express himself on the question submitted, and gave him the opportunity to do so, and must be held sufficient. See 9 R. C. L. p. 1061; 28 Cyc. p. 1591; *Lindstrom* v. *Board of Canvassers*, 94 Mich. 467, 469.

Separate Ballot. Section 3 of article 17 of the Constitution, as amended in 1918 (Pub. Acts 1919, p. 769), provides that all proposed amendments thereto shall be—

"printed together with any other special questions to be submitted at such election in full on a single ballot separate from the ballot containing the names of candidates or nominees for public office."

Section 21, chapter 7, part 4, of Act No. 351, Pub. Acts 1925 (the new election law), (page 584), provides that "such proposed constitutional amendment or other special question" shall be printed in full on a single ballot with the words "Yes ( )" and "No ( )" printed below it in separate lines. It is urged that this provision is mandatory; that the proposal to remove the county seat was a "special question" within its terms, and that the failure to comply with it avoided the election.

It seems clear to us that the question here voted upon was not a "special question" within the meaning of the constitutional provision. It applies only to matters submitted to the people of the entire State. That it was so understood by the legislature is apparent from the provision in section 6 of chapter 22 of the election law (page 630) that the secretary of State shall "pre-

scribe the form in which such amendment or other special question shall be submitted."

What has been said, we think, disposes of the material questions raised by the petition and answer. In our opinion they do not entitle the petitioner to the relief prayed for.    In view of the conclusion reached and the importance of setting at rest the question of removal, we have intentionally refrained from considering whether the questions discussed and decided can properly be raised by mandamus against the board of supervisors.

An order will be entered vacating the stay of proceedings heretofore granted and dismissing the petition.

SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.    BIRD, J., concurred in the result. CLARK, J., did not sit.