McLAUGHLIN *v.* BOARD OF EDUCATION, OF FORDSON
SCHOOL DISTRICT OF CITY OF DEARBORN.

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' CONTRACTS—SUPER-
INTENDENT OF SCHOOLS—STATUTES.
    2 Comp. Laws 1915, § 5917(r), as amended (Comp. Laws Supp.
    1922, § 5917[q]), applies to contracts of teachers only, and
    not to contracts of superintendents of schools.

2. SAME—DUTIES OF SECRETARY—VALIDITY OF CONTRACTS.
    2 Comp. Laws 1915, §§ 5688, 5919, is directory of duties of
    secretary of board of education and not determinative of
    validity of contracts.

3. SAME—HOW BOARDS EXECUTE THEIR POWERS.
    Boards of education, like other corporate boards, execute their
    powers at meetings lawfully called and held unless otherwise
    authorized by statute.

4. SAME—POWERS OF OFFICERS GRANTED BY STATUTE.
    Officers of school boards have such power only as statute ex-
    pressly or impliedly grants.

5. SAME—RESOLUTION OF BOARD AS OFFER OF EMPLOYMENT—SU-
PERINTENDENT OF SCHOOLS.
    Resolution adopted by board of education that plaintiff "be
    given a contract as superintendent of schools," while not of
    itself a contract, was an offer of employment to him when
    officially communicated to him.

6. SAME—AUTHORITY OF OFFICERS TO COMMUNICATE OFFER.
    Where resolution adopted by board of education offering plain-
    tiff contract as superintendent of schools did not reserve to
    itself execution of the contract, officers of board had author-
    ity to communicate offer to him.

7. SAME—INSTRUMENT SIGNED BY SUPERINTENDENT OF SCHOOL AND
OFFICERS OF BOARD CONSTITUTED CONTRACT.
    Instrument engaging plaintiff as superintendent of schools,
    signed by him and officers of board, constituted communication
    to him of board's offer and his acceptance, resulting in com-
    pleted contract, where acceptance was within terms of offer,
    and unconditional.

8. SAME—OFFER AND ACCEPTANCE—VARIANCE—STATUTES.

Where terms of instrument engaging plaintiff as superintendent of schools were in accordance with resolution adopted by board of education, constituting offer, or would have been attached to said employment by law (Comp. Laws Supp. 1922, § 5917[p]) if they had not been expressed, acceptance did not vary from offer.

9. SAME—CONTRACTS—RATIFICATION—WAIVER—ESTOPPEL.

Board of education may ratify contract engaging superintendent of schools or be estopped to deny it, even, without formal official action of board.

10. SAME—TECHNICAL OBJECTIONS—WAIVER.

Technical objections are more easily waived by board of education by conduct than want of power.

11. SAME—WAIVER—ESTOPPEL.

Board of education, by permitting plaintiff to rely upon contract engaging him as superintendent of schools as valid, to give up other employment, to enter upon duties of office and perform services under contract, thereby waived objections, which are technical rather than substantial, going to formality of execution rather than to authority to employ.

Appeal from Wayne; Doty (Frank L.), J., presiding. Submitted October 23, 1931. (Docket No. 221, Calendar No. 35,924.) Decided December 8, 1931.

Assumpsit by Emery McLaughlin against the Board of Education of the Fordson School District of the City of Dearborn, a municipal corporation, for breach of contract of employment as superintendent of schools. Judgment for plaintiff. Defendant appeals. Affirmed.

*C. E. Gittins* and *D. I. Albaugh,* for plaintiff.

*Davidow & Davidow,* for defendant.

Fead, J.   The action is for damages for breach of a contract of employment.

March 23, 1927, defendant board of education, then differently constituted in personnel, at a regular meeting adopted a resolution that plaintiff "be given a contract as superintendent of schools of the city of Fordson, for a term of three years, beginning July 1, 1927," at a stated salary.   There was dissension in the board, and the resolution was adopted by a vote of three to two after a resolution had been defeated by a like vote to renew the contract of the then superintendent.

April 2d, a contract of employment was executed by plaintiff and by the president, secretary, and treasurer of the board.   It was not presented to the other members for signatures.

June 22, 1927, the contract was produced by the secretary at a meeting of the board with four members present, two of plaintiff's supporters and two opposing him.   By unanimous vote a resolution was adopted "that the contracts for the new superintendent as received this date be laid on the table."

June 30th, a trustee who had opposed plaintiff, by letter signed by him as acting president, notified plaintiff of the resolution of June 22d and suggested the advisability of his not occupying the position until matters became more settled.   Earlier in the spring this trustee had sought to induce plaintiff to remain away until after the July election.   On neither occasion did the member claim the hiring was not legal nor did he have authority from the board for addressing plaintiff.

Plaintiff replied that his contract required him to commence work on July 1st.   He did so.   He performed the duties of the office until July 13th, attended at least one meeting of the board as superin-

tendent, took the minutes without objection, and, at another meeting, objection was made to his presence by only one member. The circuit judge properly found:

"The plaintiff performed his duties for a period of 10 to 12 days without interruption and with the knowledge of the school board and the school district and did so by virtue of his agreement with the defendant."

At the election of July 11th, the personnel of the board changed, and, at a meeting on July 13th, plaintiff's contract was repudiated as illegal, and the former superintendent reinstated. Plaintiff notified the board that he insisted on his contract and held himself ready to perform it. The suit is for the difference between the contract compensation and his earnings. Plaintiff had judgment on trial before the court without a jury.

The statutes do not cover the situation at bar. 2 Comp. Laws 1915, § 5917 (r), as amended by Act No. 133, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5917 [q], see 2 Comp. Laws 1929, § 7156 [q]), relied on by plaintiff, applies only to teachers' contracts. 2 Comp. Laws 1915, § 5919, subd. 5 (see 2 Comp. Laws 1929, § 7158), urged by defendant, adopted from the primary school law, 2 Comp. Laws 1915, § 5688 (see 2 Comp. Laws 1929, § 7109), is directory of the duties of the secretary and not determinative of the validity of contracts. *Farrell* v. *School District*, 98 Mich. 43.

Boards of education, like other corporate boards, execute their powers at meetings lawfully called and held unless otherwise authorized by statute. *Hazen* v. *Lerche*, 47 Mich. 626. The officers have such powers only as the statute expressly or impliedly grants. 35 Cyc. p. 899. Neither by statute nor reso-

lution of the board were the officers or a majority of the board given power to execute the contract at bar. However, the board acted officially and lawfully in adopting the resolution. The resolution did not reserve execution of a contract to the board nor provide that added conditions were to be incorporated in a contract. While not of itself a contract, the resolution was an offer of employment to plaintiff when officially communicated to him. 35 Cyc. p. 1082. There being no reservations in the resolution, the officers had authority to communicate the offer to plaintiff. The instrument executed by him and the officers constituted a communication of the offer and his acceptance. So the original resolution and such acceptance together completed a contract if the acceptance was within the terms of the offer and unconditional.

The instrument contained four paragraphs of agreement. But all its terms were in accordance with the resolution or would have been attached to the employment by law if they had not been expressed. In substance, the added provisions merely required plaintiff to perform the duties imposed upon the superintendent by law or by the board, see 2 Comp. Laws 1915, § 5917 (q) as amended by Act No. 133, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5917 [p], see 2 Comp. Laws 1929, § 7156 [p]), and provided for his dismissal for legal causes. The acceptance did not vary from the offer.

There is another principle supporting the contract. A board of education may ratify a contract or be estopped to deny it, even without formal official action of the board. *Crane* v. *School District,* 61 Mich. 299; *Jones* v. *School District,* 110 Mich. 363. The objections now made to the contract are technical rather than substantial, going to the formality of

execution rather than to the authority to employ. When the contract was presented to the board on June 22d, all members knew the facts regarding it. At no time did defendant or any of its members claim to plaintiff that the contract had not been properly executed nor that it did not conform to the resolution. The resolution of July 13th, declaring the office vacant, put the claim of validity solely on the ground of "illegal conspiracy." Technical objections are more easily waived by conduct than want of power. By permitting plaintiff to rely upon the contract as valid, to give up other employment, to enter upon the duties of the office and perform services under the contract, defendant waived objections to its execution.

Judgment affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.