JACOX *v.* BOARD OF EDUCATION OF VAN BUREN CONSOLIDATED SCHOOL DISTRICT.

1. Schools and School Districts—Powers—Statutes.
     School districts and school officers have only such powers as the statutes expressly or impliedly grant to them.

2. SAME—ELECTIONS—RECOUNTS—STATUTES.

   Statute providing that township school districts shall be governed by the graded school law *held*, to refer to portions of school code under which *rural* graded school districts are organized rather than *urban* graded school districts; hence statutory provisions for recount of votes cast at school election applicable in urban districts did not apply to township school district, especially in view of provisions of school code making it optional with township districts to adopt provisions of the statute relative to elections which included the matter of recounts (2 Comp. Laws 1929, §§ 7131–7171, 7446 *et seq.*, as amended).

3. MANDAMUS—STATUTES—SCHOOLS AND SCHOOL DISTRICTS.

   The board of education of a township consolidated school district · cannot be compelled by mandamus to conduct a recount of the election of its members where provisions of school code requiring recount of school election were not applicable (2 Comp. Laws 1929, §§ 7131–7171, 7446 *et seq.*, as amended).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted March 5, 1940. (Calendar No. 40,872.) Decided April 1, 1940.

Petition by Ray Jacox against members of the Board of Education of Van Buren Consolidated School District for a writ of mandamus to compel a recount of votes cast at a school election. Writ granted. Defendants review by appeal in nature of certiorari. Reversed.

*Fordyce W. Riggs* and *Walter I. McKenzie,* for plaintiff.

*Nellis & Nellis* and *Caroline W. Thrun,* for defendants.

NORTH, J. The parties to this appeal agree that the Van Buren Consolidated School District of Van Buren Township, Wayne county, is organized under part 1, chap. 4, of the Michigan school code. 2 Comp. Laws 1929, §§ 7131–7171 (Stat. Ann. §§ 15.51–15.91).

At the June, 1939, election of members of the board of education of the district, Ray Jacox, plaintiff herein, received 301 votes and Jewett Amerman received 302 votes, according to the canvass of votes made by the board of education acting in its capacity as the board of election inspectors and canvassers. 2 Comp. Laws 1929, § 7151 (Stat. Ann. § 15.71). Plaintiff timely served upon the board of education a petition for a recount. For more than 60 days after being served, the board neglected and failed to conduct a recount. Thereupon plaintiff petitioned the circuit court of Wayne county to issue a writ of mandamus requiring the board of education to conduct a recount and to issue a certificate of election to plaintiff in event the recount resulted in his election. Upon hearing in the circuit court the relief sought was ordered. Leave having been granted, the members of the board of education have appealed.

Plaintiff did not allege nor did he submit any testimony to prove that this school district either by action of the electors or of the school board has exercised the option of placing itself under the provisions of part 2, chap. 7, of the school code (2 Comp. Laws 1929, § 7446 *et seq.* [Stat. Ann. § 15.470 *et seq.*]) ; and appellants assert that under the circumstances the general election laws, particularly the provisions for recounts, do not apply to this school district. In this connection appellants correctly contend that school districts and school officers have only such powers as the statutes expressly or impliedly grant to them. *McLaughlin* v. *Board of Education of Fordson School District of City of Dearborn,* 255 Mich. 667; *Bates Township School District* v. *Elliott,* 276 Mich. 575.

As above stated, the Van Buren Consolidated District is a township school district and is organ-

ized under part 1, chap. 4, of the school code, above cited. In this part of the school code there is no provision for conducting a recount unless, as appellee contends, it is to be found in the last section of chapter 4, which reads:

"All school districts organized and operating under the provisions of this chapter shall be governed by the provisions of law contained in part two of this act and by the graded school law, and by the provisions of law, relating thereto, except as inconsistent with this chapter." 2 Comp. Laws 1929, § 7171 (Stat. Ann. § 15.91).

Appellee contends the above provision that districts of this type "shall be governed * * * by the graded school law" should be construed to mean that they are subject to the provisions of part 1, chaps. 6, 7, and 8, of the school code, which respectively provide for school districts of the third, second, and first class; and in each of which chapters there is a provision which appellee asserts makes the general election law, particularly as to recounts, applicable to school elections in the districts of these three classes. See 2 Comp. Laws 1929, §§ 7228, 7250,* and 7273 † (Stat. Ann. §§ 15.190, 15.238, and 15.261).

We think such contention cannot be sustained if, as must be done, consideration is given to the full context and arrangement of the school code. First, it must be noted that part 1, chaps. 6, 7, and 8, of the code pertain to *urban* schools; whereas chapter 4, which governs the Van Buren Consolidated Township District, as well as the preceding chapter and the following chapter, *i. e.,* part 1, chaps. 3, 4, and 5, of the code pertain to *rural* schools. In chapters 3,

---

* 2 Comp. Laws 1929, § 7250, was amended by Act No. 143, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 7250).—REPORTER.

† 2 Comp. Laws 1929, § 7273, was amended by Act No. 234, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 7273).—REPORTER.

4, and 5 there is no provision making the general election law applicable to school elections. The above-quoted provision that township school districts "shall be governed * * * by the graded school law" we think refers to the statutory provisions in the preceding part 1, chap. 3, of the code under which *rural graded* school districts are organized. Since the legislature in framing the school code, as well as by the provisions therein contained, did not make the general election law applicable to rural school elections but at least to some extent did make such general election law applicable to school elections in urban districts, it follows that there is no provision for recounts incident to school elections in township school districts organized under part 1, chap. 4, of the Michigan school code.

Further, such construction of the school code is justified, if not compelled, by the provisions which the legislature embodied in part 2, chap. 7. By these provisions it is made optional with township districts, as well as certain other school districts, to adopt a method provided in the statute for conducting their elections in such a manner that "all laws of the State for preserving the purity of elections and for preventing fraud and corruption, shall govern all elections and registrations under this act so far as the same are applicable." 2 Comp. Laws 1929, §§ 7446,* 7447 * (Stat. Ann. §§ 15.470, 15.471) ; *Smith* v. *School District No. 6, Fractional, Amber Township,* 241 Mich. 366. By Act No. 87, Pub. Acts 1933, part 2, chap. 7, of the school code was amended so as to include an express provision for recounts. See Comp. Laws Supp. 1940, § 7450, Stat. Ann. § 15.474. But the matter of adopting this portion of the school code is optional with township dis-

---

* 2 Comp. Laws 1929, §§ 7446, 7447, were amended by Act No. 66, Pub. Acts 1937 (Comp. Laws Supp. 1940, §§ 7446, 7447).—Reporter.

tricts. As hereinbefore noted, Van Buren Consolidated School District has not, so far as appears from this record, exercised the option of coming under the last-cited portion of the school code.

The order of the circuit judge granting mandamus is vacated, with costs of both courts to appellants.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.