FOSTER v. BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 10, DELTA TOWNSHIP, EATON COUNTY.

1. ELECTIONS—SUBMISSION OF PROPOSITIONS—BORROWING MONEY—ISSUANCE OF BONDS—INCREASE OF TAX LIMITATION.

Proposition whereby school district sought electors' authority to borrow money and issue bonds and second proposition whereby electors determined as to whether or not tax limitation might be increased so as to retire the bonds when due were properly submitted to the electors as two separate propositions (Const 1908, art 3, §§ 1, 4, as amended in 1932; art 10, § 21, as amended in 1948; CL 1948, § 211.203[c]).

2. SCHOOLS AND SCHOOL DISTRICTS—REGISTRATION.

A graded school district, not being a registration district, is not governed by the provisions of the school law applicable to a school district of the first class.

3. TAXATION—INCREASE OF LIMITATION—ELECTORS.

The question of increasing the tax limitation upon property is to be determined by those possessing the qualifications of general electors under the Constitution (Const 1908, art 3, § 1, as amended in 1932; art 10, § 21, as amended in 1948).

4. SCHOOLS AND SCHOOL DISTRICTS—RECOUNTS—PROPERTY TAX LIMITATION.

Since school elections are expressly excluded from the operation of the Michigan election law, and graded school districts are not registration districts where voters are required to register under the provisions of the school code, the right to recount ballots cast in such a school district on propositions for borrowing money and for increasing the tax limitation upon the property does not exist, the provision in the property tax limita-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur, Elections, §§ 180, 181; 47 Am Jur, Schools, § 79.
[4, 6] 18 Am Jur, Elections, § 315.
[5] 47 Am Jur, Schools, §§ 13, 42 et seq.
[7] 50 Am Jur, Statutes, § 348.
[8] 14 Am Jur, Costs, § 91.

tion act that provisions of the general election laws be incorporated by reference being restricted merely to the casting and counting of ballots and does not include the authority to hold a recount (CL 1948, §§ 145.2, 211.203[c]).

5. SAME—POWERS—STATUTES.
   School districts and school officers have only such powers as the statutes expressly or impliedly grant to them.

6. SAME—ELECTIONS—RECOUNTS—STATUTES—GRADED DISTRICTS.
   A graded school district which has not exercised the option of coming under portion of school code authorizing registration of electors may not have a recount of votes cast at a school election held within the district (CL 1948, § 343.1 *et seq.*).

7. STATUTES—IN PARI MATERIA.
   Statutes *in pari materia* should be considered together.

8. COSTS—PUBLIC QUESTION—SCHOOL ELECTIONS—SUBMISSION OF PROPOSITIONS—RECOUNT.
   No costs are allowed in suit to determine validity of bond issue and whether or not a recount may be had in a graded school district election, a public question being involved (CL 1948, § 343.1 *et seq.*).

Appeal from Eaton; McDonald (Archie D.), J. Submitted October 14, 1949. (Docket No. 72, Calendar No. 44,564.) Decided December 7, 1949.

Bill by Earl L. Foster and others against Board of Education of School District No. 10, Delta Township, Eaton County, Michigan and others to restrain issuance and sale of bonds. Decree for defendants. Plaintiffs appeal. Affirmed.

*Person & Searl,* for plaintiffs.

*Thrun & Sidwell,* for defendants.

BOYLES, J. At a special election held April 5, 1949, in school district No. 10, Delta township, Eaton county, Michigan, 2 propositions were voted upon. Proposition No. 1 was whether the school district

should borrow $100,000 and issue bonds to erect an additional school building and acquire land therefor. Proposition No. 2 was whether the tax limitation against assessing the property in the district (except for retirement of debt incurred prior to December 8, 1932) should be increased by 2.5 per cent. for 20 years, for the purpose of providing a debt retirement fund to pay off the principal and interest on the bonds, if issued, as they became due. According to the return of the election inspectors only those voters qualified to vote under the provisions of article 3, § 4, of the Michigan Constitution (1908)* were permitted to vote on the first proposition. On the second proposition, all voters qualified under the provisions of article 3, § 1, of the Constitution* were permitted to vote. Both propositions carried by a small majority.

Within 10 days thereafter, a petition requesting a recount of the votes cast upon each proposition was served upon the president of the defendant board of education. The board of education refused to conduct a recount and adopted resolutions providing for the issuance of the bonds and for the filing of an application with the State municipal finance commission for the issuance of its certificate of approval. The application was duly filed and said commission issued its certificate, whereupon the defendant board of education caused notice of sale of said bonds to be published. The sale has been postponed indefinitely, following the filing of the bill of complaint in this case.

Shortly before the date set for such sale, the plaintiffs herein, who are school electors and taxpayers in said school district, filed the bill of complaint in this case challenging the legality of the election and seeking a permanent injunction to restrain the defendant board of education and its

---

* As amended in 1932.—Reporter.

members from issuing said bonds or causing any additional taxes to be levied as a consequence of said election.  In their bill of complaint, plaintiffs claim (1) that only those voters who possessed the qualifications of electors under article 3, § 4, of the State Constitution* should have been allowed to vote on proposition No. 2 because it involved the direct expenditure of public money, and (2) that the board had no right to certify the result of the election until after a recount.  The defendants filed a motion to dismiss the bill of complaint, which the court granted, holding that as a matter of law the 2 propositions were properly submitted and voted on, and that the board is not required to hold a recount.  The same questions are raised here on the appeal, and the conclusions reached thereon will control decision.

1. Article 3, § 4, of the 1908 Constitution* provides:

"Whenever any question is submitted to a vote of the electors which involves the direct expenditure of public money or the issue of bonds, only such persons having the qualifications of electors who have property assessed for taxes in any part of the district or territory to be affected by the result of such election or the lawful husbands or wives of such persons shall be entitled to vote thereon."

Appellants claim that proposition No. 2 voted on at the election involved the direct expenditure of money because it stated:

"Shall the limitation on the total amount of taxes which may be assessed against all property in school district No. 10, Delta township, Eaton county, Michigan, for all purposes, except taxes levied for the payment of interest and principal on obligations incurred prior to December 8, 1932, be increased, as provided by section 21, article 10 of the Constitution

---

* As amended in 1932.—REPORTER.

of Michigan,* by 2.5 per cent. of the assessed valuation of all property in the school district for a period of 20 years from 1949 to 1968, both inclusive, for the sole purpose of providing a debt retirement fund to pay the principal and interest on bonds of the school district in the principal amount of $100,000 to be issued, if approved by the qualified electors of the school district, for the purpose of erecting and furnishing an additional school building and of acquiring additional land for school purposes?"

The statement on the ballot as to the purpose for the proposed tax increase, namely, to provide a debt retirement fund for the bonds "to be issued, if approved," was authorized by PA 1933, No 62, § 3 (c) (property tax limitation act), as last amended by PA 1947, No 293 (CL 1948, § 211.203[c] [Stat Ann 1947 Cum Supp § 7.63(c)]), which provides as follows:

"Said ballot may also state the purpose for which the funds derived from the voted increase over the constitutional tax rate limitation may be used, and such funds shall not be considered by the county allocation board in dividing the net limitation tax rate among the various governmental units entitled thereto under the provisions of this act."

Plaintiffs claim that question No. 2, as it was stated on the ballot, "involves" the direct expenditure of money, the same as the purpose stated in the first proposition submitted, namely, whether to borrow money and issue bonds. We are not in accord with such construction. The 2 propositions were submitted separately, at one and the same election. They are separate propositions, and were correctly submitted to the voters as such. The first proposition involves the issuance of bonds. The

---

* As amended in 1948.—REPORTER.

second proposition involves an increase of the tax limitation to retire the bonds when due. If they meant the same thing, both could have been submitted in the same proposition, which logically would follow if appellants' claim is correct.

School district No. 10 of Delta township is a graded school district and not a registration district, and, hence, is not governed by the provisions of the school law applying to a school district of the first class. However, the distinction, as disclosed in *Rentschler* v. *Detroit Board of Education,* 324 Mich 603, decided May 18, 1949, is not of importance in the consideration of the above question here involved. In that case the Court settled the question now urged by appellants, as follows (syllabus):

"The question of increasing the tax limitation upon property is to be determined by those possessing the qualifications of general electors under the Constitution (Const 1908, art 3, § 1, as amended in 1932; art 10, § 21, as amended in 1948)."

2. Could the school board lawfully certify the result of the election without holding a recount as demanded?

The authority to conduct a recount in a school election, if such exists, cannot be found in the general election laws. The Michigan election law, * pt 1, ch 1, § 2, expressly excludes school elections. As before stated, district No. 10, Delta township, is a graded school district, and is not a "registration" district, *i.e.,* one where voters are required to register under the provisions of the school code. Appellants here do not claim the right to a recount under the provisions of the general election law; nor do they claim that any provision in the school code directly applies to school district No. 10, Delta township, so as to

* PA 1925, No 351 (CL 1948, § 145.1 *et seq.* [Stat Ann 1947 Cum Supp § 6.1 *et seq.*]).

require a recount. Appellants, for the right to a recount, rely on a provision in the property tax limitation act, *supra,* as follows:

"Sec. 3.   *   *   *

"(c) If any local unit shall hold an election for the purpose of increasing the total tax rate limitation, as provided for by section 21 of article 10 of the State Constitution, the vote at such election shall be taken by ballot and said ballots shall be *cast and counted* in the manner provided by the general election laws of this State."

Appellants claim this means "cast, counted, or recounted in the manner provided by the general election laws." Relying on the requirement that the ballots shall be "cast and counted" in the manner provided by the general election laws, appellants argue that recounts become a part of a school election held in a graded school district to determine whether to increase the tax rate limitation, although conceding that such a construction would be contrary to the express provision in the election law excluding school elections. Obviously, such a construction would bring school district No. 10, Delta township, which is not a registration district, under the provisions of part 2, chapter 7, of the school code wherein provision is made for registration of voters, inspectors of election, canvass of votes and return of the result to the board of education, with express provision in said chapter for a recount.* It is conceded that school district No. 10, Delta township, is not a registration district and has not elected to come under the provisions of said chapter. The legislative intent not to have said part 2, chapter 7, apply to graded school districts is further indicated in making part 2, chapter 7, optional as to whether it should be adopted by a graded school district, such as district No. 10, Delta township. Not having been

---

* CL 1948, § 357.5 (Stat Ann § 15.474).

so adopted, its provisions as to registration of electors and recounts do not here apply. A like situation came before the Court in *Jacox* v. *Board of Education of Van Buren Consolidated School District,* 293 Mich 126, where a petition for a recount was filed. The board, as in the instant case, ignored the petition. The Court held (syllabi):

"School districts and school officers have only such powers as the statutes expressly or impliedly grant to them.

"Statute providing that township school districts shall be governed by the graded school law *held,* to refer to portions of school code under which *rural* graded school districts are organized rather than *urban* graded school districts; hence statutory provisions for recount of votes cast at school election applicable in urban districts did not apply to township school district, especially in view of provisions of school code making it optional with township districts to adopt provisions of the statute relative to elections which included the matter of recounts (CL 1929, §§ 7131–7171, 7446 *et seq.,* as amended.)"

School district No. 10, Delta township, being a graded school district, is subject to the provisions of part 1, chapter 3, of the school code,* wherein no provision has been made for registration of voters, or for a recount. It was apparently the legislative intent to allow the organization of smaller school districts, the so-called graded school districts, without requiring the more ample provisions for registration of school electors and recounts. Under the construction urged by appellants, the right to vote at any school election in a graded school district where the question of increasing the tax limitation was being voted on, would be limited to registered voters, merely on the ground that the tax limitation

---

* CL 1948, § 343.1 *et seq.* (Stat Ann 1947 Cum Supp § 15.21 *et seq.*).

act provided that the votes should be "cast and counted" in the manner provided for in the general election laws. Statutes *in pari materia* should be considered together.

The trial judge correctly held that the defendant board of education was not required to hold a recount. The foregoing being conclusive of decision, other questions raised by appellees do not require consideration. Affirmed, but without costs, a public question being involved.

SHARPE, C. J., and BUSHNELL, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.