FUCINARI *v.* DEARBORN BOARD OF EDUCATION

1. SCHOOLS AND SCHOOL DISTRICTS—TENURE COMMISSION—JURISDICTION—PROBATIONARY TEACHERS.

   The Tenure Commission has no jurisdiction to decide disputes concerning a probationary teacher, one who does not have continuing tenure; only teachers with tenure status have a right to appeal a board of education's decision to the Tenure Commission (MCLA § 38.121).

2. SCHOOLS AND SCHOOL DISTRICTS—TENURE COMMISSION—JURISDICTION—APPEAL AND ERROR—DECISION OF CASE.

   The Court of Appeals will dispose of a matter dealing with a Tenure Commission decision concerning a probationary teacher

---

REFERENCE FOR POINTS IN HEADNOTES
[1–6] 47 Am Jur, Schools §§ 127–140.

where the parties had accepted the jurisdiction of the Tenure
Commission, the decision was appealed to a circuit court, and
the matter is on appeal from an order of the circuit court
where the proper forum in the first instance was the circuit
court because the Tenure Commission had no jurisdiction.

3. SCHOOLS AND SCHOOL DISTRICTS—PROBATIONARY TEACHERS—DIS-
MISSAL—BOARD OF EDUCATION—RESPONSIBILITIES—DECISION AND
NOTICE.

The controlling board of education has the duties to make the
decision whether a probationary teacher shall be rehired for
the ensuing school year, to provide a definite written state-
ment as to whether the teacher's work has been satisfactory,
and to provide a written statement at least 60 days before
the close of the school year notifying the probationary teacher
that his services will be discontinued; the actual mechanics of
providing the written statement may be carried out by admin-
istrative personnel under the direction of the board (MCLA
§ 38.83).

4. SCHOOLS AND SCHOOL DISTRICTS—PROBATIONARY TEACHERS—DIS-
MISSAL—DECISION—NOTICE—BOARD OF EDUCATION.

A notice of termination sent 60 days before the close of the
school year to a probationary teacher pursuant to an executive
session of the controlling board of education advising its per-
sonnel director to send a letter of termination to the teacher
if the school administrators still viewed the teacher's work
as unsatisfactory was not sufficient compliance with statutory
termination requirements because final action can be taken
by a school board only in a public meeting, not in an execu-
tive session, and because the board of education, not its ad-
ministrators, must decide whether a teacher's services will be
terminated (MCLA §§ 38.83, 340.561).

5. SCHOOLS AND SCHOOL DISTRICTS—PROBATIONARY TEACHERS—DIS-
MISSAL—BOARD OF EDUCATION—RESPONSIBILITIES.

A controlling board of education could not change its noncom-
pliance with the statutory requirement of 60-days notice of
dismissal to a probationary teacher by ratifying, at an open
meeting held less than 60 days before the school year's close,
a notice of termination sent 60 days before the close of the
school year by its personnel director where the director had
been directed by an executive session of the board to send
the notice if the *school* administrators had felt that the teach-
er's work was still unsatisfactory (MCLA §§ 38.83, 340.561).

6. Schools and School Districts—Second Year Probationary Teacher—Tenure—60-Day Notice.

> A probationary teacher, who has completed the second year of probation, must not only be reinstated but also must be reinstated with tenure where the controlling school board has failed to meet the statutory requirements of the 60-day letter of dismissal notifying that teacher of its intention to dismiss him.

Appeal from Wayne, John M. Wise, J. Submitted Division 1 February 10, 1971, at Detroit. (Docket No. 8847.) Decided March 29, 1971.

Pauline Fucinari appealed her dismissal by the defendant Dearborn Board of Education to the State Tenure Commission. The tenure commission ordered defendant to return plaintiff to the classroom as a tenure teacher. Defendant appealed to Wayne County Circuit Court. Affirmed. Defendant appeals. Affirmed.

*Levin & Schier* (by *Carl F. Schier*), for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *James E. Tobin*), for defendant.

Before: Danhof, P. J., and Holbrook and Bronson, JJ.

Danhof, J. The plaintiff was employed by the defendant for the school year 1967–1968 as a probationary teacher. She was subsequently employed as a probationary teacher for the school year 1968–1969. On March 28, 1969, the director of personnel of the defendant board advised the plaintiff by letter that her services as a probationary teacher had not been satisfactory and that her employment with the defendant board would be terminated at the end of

the school year on June 13, 1969. The letter assigned various reasons for her unsatisfactory performance and also stated: "This notice is furnished to you pursuant to the provisions of the Michigan Teachers' Tenure Act". The letter was received by the plaintiff on April 1, 1969.

Plaintiff was not reemployed by the board and appealed her dismissal to the State Tenure Commission which heard the matter and rendered a decision and order on September 30, 1969, directing the defendant to return the plaintiff to the classroom as a tenure teacher.

Thereafter, defendant appealed the decision and the order of the State Tenure Commission to the Circuit Court for the County of Wayne, which affirmed the State Tenure Commission's decision on January 2, 1970. This appeal followed.

One matter not raised by either party is the jurisdiction of the State Tenure Commission to hear this dispute. The plaintiff, being a probationary teacher, did not have continuing tenure, and thus, no jurisdiction vested in the State Tenure Commission to hear the dispute. Only those teachers who have achieved tenure status have the right to appeal a decision of a controlling board of education to the State Tenure Commission, MCLA § 38.121 (Stat Ann 1968 Rev § 15.2021). Also, in *Caddell* v. *Ecorse Board of Education* (1969), 17 Mich App 632, 636, this Court stated: "Thus, since the board of education renders the final opinion in probationary teacher cases, its decision may be subject to a direct appeal to the circuit court." Also, *Weckerly* v. *Mona Shores Board of Education* (1970), 28 Mich App 243. However, since both parties accepted the jurisdiction of the State Tenure Commission, and further, because this matter is before us on appeal

from a decision of the circuit court, we shall proceed to dispose of this matter on its merits.

The controlling issue is whether the defendant school board complied with the provisions of MCLA § 38.83 (Stat Ann 1970 Cum Supp § 15.1983). This provision states:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

The record discloses that the closing date of school in 1969 was June 13. Thus, it is necessary that the defendant shall have provided the written statement at least 60 days prior to June 13, 1969. If the defendant failed to comply with this provision, the plaintiff was entitled to employment for the next school year, and having satisfactorily completed the two-year probationary period would have then attained continuing tenure.

The statute is clear that it is the defendant board which must provide the definite written statement, although the actual mechanics may be carried out by administrative personnel under the direction of the board. It is the defendant board which must make the decision concerning the plaintiff and then provide the statutory written statement at least 60 days before the close of the school year as to whether the plaintiff's work has been satisfactory, and notify such probationary teacher not on continuing con-

tract at least 60 days before the close of the school year that his services will be discontinued.

From the defendant's statement of facts it is clear that the defendant board failed to comply with the provisions of the statute. The defendant's statement of facts indicate that at an executive session of the defendant board, following its regularly scheduled meeting on either March 10 or March 24, 1969, the personnel director discussed plaintiff's case informally with the board members who were present. The board members then advised the personnel director to send the 60-day letter *if* the school administrators still viewed plaintiff's performance as unsatisfactory. Neither the board members nor the personnel director regarded this as official action of any kind, it being understood by all that the official board action could only occur at a public meeting. MCLA § 340.561 (Stat Ann 1968 Rev § 15.3561) provides:

"All business which the board of any district is authorized to perform shall be done at a public meeting of the board and no act shall be valid unless voted at a meeting of the board by a majority vote of the members elect of the board and a proper record made of the vote. A meeting in which all members are present, with or without proper notice, shall be considered a legal meeting for the transaction of business. Meetings of the board shall be public meetings and no person shall be excluded therefrom. *The board may hold executive sessions, but no final action shall be taken at any executive session.* The minutes of all board meetings must be signed by the secretary. In the absence of the secretary in any meeting, the president shall appoint a temporary secretary who shall sign the minutes of the meeting. In the absence of the president, the other members present shall elect a temporary president." (Emphasis supplied.)

Therefore, the defendant board had not, at the time of the sending of the alleged 60-day notice, taken final action on the status of the plaintiff. It was not until the regular meeting of the defendant board on April 14, 1969, that a resolution was adopted terminating plaintiff's employment effective June 13, 1969. There is no dispute that no further notification was given to the plaintiff subsequent to the defendant board meeting of April 14, 1969. It is true that the defendant board attempted to ratify the former action of the personnel director, but to allow this would be to allow the defendant to pull itself up by its own bootstraps. While we are aware that the decisions of a board of education are necessarily based upon reports and recommendations of the administrators and those in positions to evaluate such persons as the plaintiff, the statute is clear that it must be the controlling board which provides the written statement relative to the performance of a probationary teacher. Thus, since the defendant board did not make its decision until April 14, 1969, and by its own admission no notice was thereafter sent to the plaintiff, plaintiff was entitled to be employed for the ensuing school year as provided in MCLA § 38.83, *supra*. It further follows that plaintiff attained continuing tenure, and is entitled to the protection of the teachers' tenure act.

Affirmed, costs to the plaintiff.

All concurred.