SIMON v GIBRALTAR SCHOOL DISTRICT

1. SCHOOLS AND SCHOOL DISTRICTS—LOCAL BOARDS—TEACHER DIS-
   CHARGE—DUE PROCESS.

    A teacher's right to procedural and substantive due process was
   not violated because a superintendent filed charges against the
   teacher and the local school board heard the case against the
   teacher without having made or recorded a prior independent
   decision to proceed against the teacher where the superintend-
   ent, as required by statute, brought written charges, signed
   them, and filed them with the secretary of the board, while
   serving a copy of the charges on the board, and where the
   teacher received notice and an opportunity for a hearing
   (MCLA 38.102).

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHER DISCHARGE—LOCAL
   SCHOOL BOARDS—DISCRETION.

    The statute governing the initiation of proceedings for discharge
   against a teacher with tenure does not limit the local school
   board's discretion with respect to the decision to proceed by
   requiring a mandatory board decision to proceed made indepen-
   dently of the decision of the board's superintendent acting
   within his properly delegated authority in suspending a teacher
   and filing charges (MCLA 38.102).

3. CONSTITUTIONAL LAW—DUE PROCESS—TYPE OF PROCEEDING—NA-
   TURE OF RIGHT—BURDEN OF PROCEEDING.

    Due process embodies the differing rules of fair play, which
   through the years have become associated with differing types
   of proceedings; whether the Constitution requires that a partic-
   ular right obtain in a specific proceeding depends upon a
   complexity of factors; the nature of the alleged right involved,
   the nature of the proceeding, and the possible burden on that
   proceeding, are all considerations which must be taken into
   account.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 68 Am Jur 2d, Schools §§ 185–207.

[3] 16 Am Jur 2d, Constitutional Law §§ 548, 549.

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 January 14, 1974, at Detroit. (Docket No. 15825.) Decided April 29, 1974.

Jean Simon sought review of action of the Board of Education of Gibraltar School District in terminating her services as a teacher. The State Tenure Commission affirmed her dismissal. Plaintiff appealed to circuit court. Affirmed and payment of plaintiff's salary from the date of suspension to the date of dismissal ordered. Plaintiff appeals by leave granted. Affirmed.

*Harry A. Lockwood,* for plaintiff.

*Logan & Huchla,* for defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis and Carland,* JJ.

J. H. Gillis, J. Plaintiff appeals the circuit court's affirmance of her dismissal from employment by the teacher tenure commission. On appeal, we affirm.

Defendant Gibraltar School District hired plaintiff, formerly a tenured mathematics teacher in the Wyandotte schools, to teach high school mathematics in 1967. After one satisfactory year, plaintiff became tenured. In the summer of 1969 she assumed a nontenured position as a counselor-supervisor.

After friction developed between plaintiff and her immediate supervisor, the superintendent reviewed plaintiff's employment application. He discovered questionable omissions as to her qualifications. Pursuing the matter, he learned plaintiff

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

had misrepresented the nature of her graduate degree. The plaintiff was suspended, and formal charges signed by the superintendent were filed on March 11, 1970. At the same time, plaintiff and the school board secretary were served with copies of the charges.

The notice bore no indication that the superintendent had acted at the board's request, nor did it reveal any reference to the board's minutes.

On April 21, 1970, plaintiff appeared at the board hearing, represented by counsel of her choice. She was given the opportunity to present evidence and cross-examine adverse witnesses. On May 4, 1970, the board discharged plaintiff by written decision. Subsequent appeals to the tenure commission and circuit court resulted in affirmance of the dismissal. (The circuit court, however, ordered payment of plaintiff's salary from the date of suspension to the date of dismissal.)

On appeal, plaintiff claims a denial of procedural and substantive due process because the local board heard the case without having made or recorded a prior independent decision to proceed against plaintiff.

MCLA 38.102; MSA 15.2002 provides:

"All charges against a teacher shall be made in writing, signed by the person making the same, and filed with the secretary, clerk or other designated officer of the controlling board. Charges concerning the character of professional services shall be filed at least 60 days before the close of the school year. The controlling board, if it decides to proceed upon such charges, shall furnish the teacher with a written statement of the charges including a statement of the teacher's rights under this article, and shall, at the option of the teacher, provide for a hearing to take place not less than 30 nor more than 45 days after the filing of such charges."

Apparently, the board did not independently decide to proceed upon the charges. Plaintiff claims the tenure act requires an independent choice, citing *Fucinari v Dearborn Board of Education,* 32 Mich App 108; 188 NW2d 229 (1971). *Fucinari* is distinguishable on two grounds. First, the teacher did not receive notice of the board's action, denying her substantial procedural safeguards. Plaintiff here received timely notice. Secondly, some question existed in *Fucinari* as to the personnel director's authority to act.

In *Fucinari,* the Court interpreted MCLA 38.83; MSA 15.1983, according to the statute's plain meaning:

*"[T]he controlling board shall provide* the probationary teacher with a definite written statement * * * ."

Further, MCLA 340.561; MSA 15.3561, requires all board business to be conducted at public meetings. The statute nowhere authorizes the board to either act informally or delegate its authority to the personnel director and school administrators; it contemplates a mandatory board decision.

MCLA 38.102; MSA 15.2002, is not so explicit. The superintendent, as statutorily required, brought written charges, signed them, and filed them with the secretary, while serving a copy of the charges on the board. Here, as the statute requires, the teacher received notice and opportunity for a hearing. As we read the statute, a board's decision to proceed results immediately in notice and an opportunity to be heard. Since both notice and a hearing date were provided here, we might infer the existence of a prior decision to proceed. The statute does not limit, as it did in *Fucinari,* the board's discretion with respect to the

decision to proceed. We refuse the invitation to narrow the scope of that discretion, especially where plaintiff can claim not even the least vestige of prejudice from the procedure, and the superintendent, different from the personnel director in *Fucinari,* acted within properly delegated authority over employment applications in suspending plaintiff and filing charges.

Plaintiff next claims the lack of independent board review frustrated the legislative purpose of protecting teachers, relying on *Rehberg v Board of Education of Melvindale, Ecorse Twp School Dist No 11, Wayne County,* 330 Mich 541; 48 NW2d 142 (1951). The Court there found the purposes of the act are "to maintain an adequate and competent teaching staff, free from political and personal arbitrary interference", and to "promote[s] good order and the welfare of the State and of the school system by preventing removal of capable and experienced teachers at the personal whims of changing office holders". *Rehberg v Ecorse School District No 11, supra,* p 545. The board's action here clearly satisfies the legislative intent. Further, interference at the administrator's personal whim is not even arguably present in this case.

In *Rehberg,* the Court stated:

"The Tenure Act places an additional safeguard upon the arbitrary or unreasonable dismissal of teachers and is designed for their protection. *It does not, however, otherwise diminish or interfere with the administrative power of the local controlling board, nor require it to indulge in idle ceremonies."* (Emphasis supplied.)

We think that plaintiff's argument in this factual context is more closely akin to indulgence in idle ceremony than to denial of any substantive or procedural right. No denial of due process re-

sulted, even assuming the board did not make or record its decision to proceed.

"Therefore, as a generalization, it can be said that due process embodies the differing rules of fair play, which through the years, have become associated with differing types of proceedings. Whether the Constitution requires that a particular right obtain in a specific proceeding depends upon a complexity of factors. The nature of the alleged right involved, the nature of the proceeding, and the possible burden on that proceeding, are all considerations which must be taken into account." *Hannah v Larche,* 363 US 420, 442; 80 S Ct 1502, 1515; 4 L Ed 2d 1307, 1321 (1960).

A careful review of the record does not convince us the controlling school board denied plaintiff due process.

Affirmed. Costs to appellee.

All concurred.