ROYAL OAK SCHOOL DISTRICT v SCHULMAN

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—STAT-
    UTES—POWERS—PUBLIC MEETINGS—NOTICE.
    Boards of education possess only those powers expressly or im-
    pliedly granted by statute and must exercise their powers at
    public meetings lawfully called and held unless otherwise
    authorized by statute (MCLA 38.71 *et seq.*, 15.251 *et seq.;* MSA
    15.1971 *et seq.*, 4.1800[1] *et seq.*).

2. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—TEACHERS—DISMISSAL
    OR DEMOTION—PUBLIC DISCLOSURE—APPEAL—PRECEDENCE OF
    STATUTES.
    Hearings on the dismissal or demotion of a teacher may, by
    statute, be public or private, at the election of the teacher, and
    where a teacher elects a private hearing the board's decision to
    dismiss or demote may not be disclosed publicly until the
    teacher has exhausted the appellate processes; the statute
    permitting a board of education to render a private decision in
    such a case must be given precedence over the general statute
    requiring such boards to officially act at public meetings
    (MCLA 38.104, 340.561; MSA 15.2004, 15.3561).

3. STATUTES—AMBIGUITIES—JUDICIAL CONSTRUCTION—LEGISLATIVE
    PURPOSE—OBJECT OF STATUTE.
    A statute which is ambiguous or susceptible to two or more
    interpretations is open to judicial construction and should be
    reasonably construed in light of the legislative purpose of the
    statute and the object sought to be accomplished.

Appeal from Oakland, James S. Thorburn, J.
Submitted February 3, 1976, at Detroit. (Docket
No. 22876.) Decided April 26, 1976.

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools § 50.
[2] 68 Am Jur 2d, Schools § 185 *et seq.*
    Teachers' tenure statutes. 127 ALR 1298.
[3] 73 Am Jur 2d, Statutes §§ 271–276.

Petition by Sidney Schulman before the Teacher Tenure Commission seeking reinstatement of employment as a tenured teacher in the Royal Oak School District and back pay for wrongful dismissal. Reinstatement and back pay ordered. The school district petitioned for review to the circuit court. Reversed and remanded for determination of the reasonableness of the dismissal. Petitioner Schulman appeals by leave granted. Affirmed.

*Burton R. Shifman, P. C.* (by *Burton R. Shifman, Philip J. Goodman,* and *David M. Black),* for Royal Oak School District.

*Levin, Levin, Garvett and Dill* (by *Harvey I. Wax),* for Sidney Schulman.

Before: BASHARA, P. J., and N. J. KAUFMAN, and D. F. WALSH, JJ.

BASHARA, J. This is an appeal from a judgment of the Oakland County Circuit Court reversing a decision of the Michigan Teachers' Tenure Commission. The commission had reinstated the previously discharged appellant.

Appellant has been a tenured teacher in the appellee school district since 1960. On April 19, 1973, pursuant to the Michigan teacher's tenure act, MCLA 38.71 *et seq.;* MSA 15.1971 *et seq.,* the principal at the school where appellant was employed filed charges with the appellee. The charges alleged unsatisfactory performance of professional services by the appellant. The appellee voted to proceed upon the allegations against the appellant.

The appellant requested a private hearing before the Royal Oak Board of Education. The hearing commenced on June 5, 1973, and continued periodically with the taking of testimony and exhibits.

The board of education concluded the evidence gathering portion of the hearing on August 9, 1973. The board reached a decision on August 22, 1973, to dismiss the appellant. A copy of the decision was timely served upon the appellant.

The appellant filed a petition appealing his discharge to the tenure commission assigning as error, (1) the failure of the board of education to render its decision at a publicly noticed meeting, and (2) the dismissal was without reasonable and just cause. The tenure commission ruled the appellant was improperly dismissed because the meeting did not satisfy the public notice requirements. The appellant was reinstated and awarded back pay.

The appellee sought appeal to the Oakland County Circuit Court. The trial judge reversed the tenure commission and held that once the appellant elected a private hearing it encompassed the decision. The trial judge then remanded the case to determine whether the dismissal was for reasonable and just cause.

The issue presented on appeal is whether a board of education can take official and final action to discharge a teacher at a meeting called without prior notice as required by the public board meetings act, MCLA 15.251 *et seq.;* MSA 4.1800(1) *et seq.,* where the teacher has previously requested that hearings regarding his discharge be held privately.

Boards of education possess only those powers expressly or impliedly granted by statute. *Jacox v Board of Education of Van Buren Consolidated School District,* 293 Mich 126, 128; 291 NW 247 (1940). The board executes its powers at meetings lawfully called and held unless otherwise authorized by statute. *McLaughlin v Board of Education*

*of Fordson School District of City of Dearborn,* 255 Mich 667, 670; 239 NW 374 (1931).

Generally, all authorized business of boards of education is required to be performed at public meetings. MCLA 340.561; MSA 15.3561. The public board meetings act sets out the notice requirements for public meetings, MCLA 15.253; MSA 4.1800(3), and such requirements apply to boards of education, MCLA 15.251(1); MSA 4.1800(1)(l).

The teacher's tenure act, MCLA 38.71 *et seq.;* MSA 15.1971 *et seq.,* grants the power to the board of education to conduct hearings on the dismissal or demotion of tenured teachers. MCLA 38.104; MSA 15.2004, provides in relevant part:

"The hearing shall be conducted in accordance with the following provisions:

"a. The hearing shall be public or private at the option of the teacher affected.

\* \* \*

"f. *Any hearing* held for the dismissal or demotion of a teacher, as provided in this act, *must be concluded by a decision in writing,* within 15 days *after the termination of the hearing.* A copy of such decision shall be furnished the teacher affected within 5 days after the decision is rendered." (Emphasis supplied.)

The dismissal or demotion may be public or private at the election of the teacher. If the teacher requests a private hearing, the question arises as to whether the decision is part of the private hearing.

A statute is open to judicial construction where the language used in the statute is ambiguous or is susceptible to two or more constructions. *City of Lansing v Township of Lansing,* 356 Mich 641, 649; 97 NW2d 804 (1959). MCLA 38.104; MSA 15.2004, is such a statute. It can be read to mean that the decision is part of the hearing because the hearing

must be concluded by a decision in writing. It can also be read to mean that the decision is not part of the hearing, since there must be a decision within 15 days after termination of the hearing.

Where the language of a statute is ambiguous or of doubtful meaning, it should be given a reasonable construction looking to the purpose of the statute and the object sought to be accomplished. *Smith v Grand Rapids City Commission,* 281 Mich 235, 240–241; 274 NW 776 (1937). The Michigan Supreme Court has recognized that the teacher's tenure act is to be interpreted in favor of the legislative purpose of protecting teachers' rights. *Weckerly v Mona Shores Board of Education,* 388 Mich 731, 734; 202 NW2d 777 (1972).

We hold that where a teacher elects a private hearing the board of education's decision to dismiss or demote may be kept private until the teacher has exhausted the appellate processes.

Accordingly, we conclude that it was unnecessary for the Royal Oak Board of Education to dismiss the appellant at a public meeting satisfying the notice requirements of the public board meetings act.[1] The specific provisions of MCLA 38.104; MSA 15.2004, permitting the board of education to render a private decision on the dismissal or demotion of a teacher must govern over the general provisions of MCLA 340.561; MSA 15.3561, requiring boards of education to officially act at public meetings. *Manistique Area Schools v State Board of Education,* 18 Mich App 519, 524; 171 NW2d 568 (1969), *lv den* 383 Mich 775 (1970).

Affirmed, no costs, a public question.

---

[1] Assuming *arguendo* that compliance with the act was required, the appellant has failed to show any prejudice to his interest. The consequences to him were the same, whether he was dismissed at a publicly noticed meeting or a private meeting. *See Saginaw County v State Tax Commission,* 54 Mich App 160, 167–168; 220 NW2d 706 (1974), *lv granted,* 393 Mich 817 (1975), *Simon v Gibralter School District,* 52 Mich App 643, 646–647; 217 NW2d 891 (1974).