ANDERSEN v ADRIAN SCHOOL DISTRICT BOARD OF
EDUCATION

OPINION OF THE COURT

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—TEACHER
   PROTECTION—SECURITY—UNREASONABLE DISMISSALS—STATUTES.

   The purpose of the teachers' tenure act is to eliminate capricious
   employment practices by school boards and protect teachers
   from arbitrary and unreasonable dismissals, thus ensuring
   teachers a greater degree of security and the courts of this
   state have been uniform in requiring that boards of education
   strictly adhere to the requirements of the act (MCLA 38.71 *et
   seq.;* MSA 15.1971 *et seq.).*

2. SCHOOLS AND SCHOOL DISTRICTS—BOARDS OF EDUCATION—PUBLIC
   MEETINGS—STATUTES.

   All business of a board of education shall be conducted at public
   meetings (MCLA 340.561; MSA 15.3561).

3. SCHOOLS AND SCHOOL DISTRICTS—PROBATIONARY TEACHERS—WRIT-
   TEN NOTICE—EXTENTION OF PROBATION—STATUTES.

   A board of education may grant a third year of probation to a
   teacher upon notice to the teachers' tenure commission and a
   definite written statement to the probationary teacher as to
   whether or not his work has been satisfactory (MCLA 38.82,
   38.83; MSA 15.1982, 15.1983).

4. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—PROBA-
   TIONARY TEACHERS—EXTENTION OF PROBATION—WRITTEN NO-
   TICE—STATUTES.

   Notice to a probationary teacher is required where the school
   board has made a decision to extend a teacher's probation at a

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Schools §§ 210, 212.
   Teachers' tenure statutes. 127 ALR 1298.
[2] 68 Am Jur 2d, Schools §§ 46–49.
   Member of governmental board voting on measure involving his
   personal interest. 133 ALR 1257.
[3–6] 68 Am Jur 2d, Schools §§ 152, 153, 169.

public meeting, but the teachers' tenure act does not require that the reasons for denying tenure or extending probation be spelled out at a public board meeting; it is sufficient if, within correct time limitations, administrative personnel carry out the board's directions with a specific written statement to the teacher involved (MCLA 38.83; MSA 15.1983).

CONCURRENCE BY D. T. ANDERSON, J.

5. SCHOOLS AND SCHOOL DISTRICTS—BOARDS OF EDUCATION—PROBATIONARY TEACHERS—TEACHERS—BOARD MINUTES—EXTENTION OF PROBATION—WRITTEN NOTICE.

*A finding by a board of education that the services of a probationary teacher are unsatisfactory, as shown by board minutes, is required by the teachers' tenure act when placing a teacher on the third year of probation, but there is no requirement that the minutes specify the reasons for finding the service unsatisfactory; this can be supplied by written notice to the teacher within the required time limit by an officer or employee of the board of education and at the board's direction.*

DISSENT BY M. F. CAVANAGH, J.

6. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—TEACHERS—TERMINATION OF EMPLOYMENT—NOTICE REQUIREMENTS—REINSTATEMENT—STATUTES.

*The failure of a school board to publicly state reasons for placing a teacher on a third year of probation violates the requirements of the teachers' tenure act (MCLA 38.83, 340.561; MSA 15.1983, 15.3561).*

Appeal from Lenawee, Rex B. Martin, J. Submitted June 10, 1976, at Lansing. (Docket No. 25847.) Decided December 10, 1976. Leave to appeal applied for.

Complaint by Craig Andersen against Adrian School District Board of Education and Adrian School District for mandamus requiring defendant school board to issue plaintiff a contract as a tenured teacher. Judgment for defendant. Plaintiff appeals. Affirmed.

*Foster, Swift & Collins, P. C.* (by *Clifford D. Weiler),* for plaintiff.

*Thrun, Maatsch & Nordberg,* for defendant.

Before: BASHARA, P. J., and M. F. CAVANAGH and D. T. ANDERSON,* JJ.

BASHARA, P. J. Plaintiff appeals from a denial of his complaint for writ of mandamus requiring defendant board to issue a contract to him as a tenured teacher. At primary issue is whether a school board need determine within its official minutes that a probationary teacher's services are unsatisfactory, and the reasons for such a finding.

The facts do not appear to be in serious dispute. Plaintiff was hired as a probationary teacher for a half year commencing January 22, 1973. On May 11, 1973, he was hired as a probationary teacher for a full school year commencing September 4, 1973. On August 16, 1974, he was hired as a probationary teacher for half the school year beginning September 3, 1974. This was done because the decision for or against tenure was to be made during the first semester of the year.

The school board met on November 19, 1974. A motion to deny plaintiff additional probation and tenure was defeated. A motion then passed extending the plaintiff on a probationary contract for the second semester of the 1974–75 school year. If his performance was satisfactory, he would receive a contract for the first semester of the 1975–76 school year to complete his third year of probation.

Subsequently, a letter dated November 19, 1974, was personally delivered to the plaintiff informing him of the board action and detailing the specific

---

* Circuit judge, sitting on the Court of Appeals by assignment.

reasons for the board's dissatisfaction with his work.

The board discharged the plaintiff on March 17, 1975, conforming to the regulations applying to probationary teachers.

Plaintiff contends that the defendant board improperly placed him on a third year of probation by not stating the reasons for the extended probation in the minutes of the meeting. As a result, he claims tenure upon the completion of his second probationary year.

The trial court has written a definitive and well reasoned opinion to the issue. We are in agreement and affirm.

The Michigan School Code, § 561 (MCLA 340.561; MSA 15.3561) states in part:

"All business which the board of any district is authorized to perform shall be done at a public meeting of the board and no act shall be valid unless voted at a meeting of the board by a majority vote of the members elect of the board and a proper record made of the vote."

The Michigan teachers' tenure act (hereinafter MTTA) Article II, § 2 (MCLA 38.82; MSA 15.1982) states:

"No teacher shall be required to serve more than 1 probationary period in any 1 school district or institution: Provided, That a third year of probation may be granted by the controlling board upon notice to the tenure commission."

MTTA Article II, § 3 (MCLA 38.83; MSA 15.1983) provides:

"At least 60 days before the close of each school year

the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

The courts of this state have been uniform in requiring that boards of education strictly adhere to the requirements of the teachers' tenure act. *Weckerly v Mona Shores Board of Education,* 388 Mich 731; 202 NW2d 777 (1972). This Court pointed out the rationale for such a policy in *Blurton v Bloomfield Hills Board of Education,* 60 Mich App 741, 744; 231 NW2d 535 (1975), by stating:

"The purpose of the teachers' tenure act was to eliminate capricious employment practices by school boards and protect teachers from arbitrary and unreasonable dismissals, thus ensuring teachers a greater degree of security."

Having stated these oft quoted maxims, we consider that the action of the defendant school board has fully complied with the mandates of the statutes involved. Both *Fucinari v Dearborn Board of Education,* 32 Mich App 108; 188 NW2d 229 (1971), and *Simon v Gibraltar School District,* 52 Mich App 643; 217 NW2d 891 (1974), reiterate the proposition that all board business be conducted at public meetings. But see *Royal Oak School District v Schulman,* 68 Mich App 589; 243 NW2d 673 (1976). Therefore, the school board must make the decision at a public meeting to extend probation and send the required notice, as was done here.

However, the statute does not require that the reasons for denying tenure or extending probation be spelled out at a public board meeting. It is sufficient if, within the correct statutory time limitations, administrative personnel carry out the board's directions with a specific written statement to the teacher involved.

Plaintiff argues that when placing a teacher on the third year of probation, the reasons for probation must be placed on the record at a public meeting. In *Wilson v Flint Board of Education,* 361 Mich 691, 695; 106 NW2d 136 (1960), our Supreme Court noted that:

" * * * It is true that the board may 'grant' a third year of probation to a teacher, but the language of a grant (as opposed to that of a requirement) makes clear that the third year is for the benefit of the teacher, who may not have satisfied the board fully but who may have shown promise nonetheless." *Wilson, supra,* at 695.

While *Wilson* states that the third year of probation is for the benefit of the teacher, it mentions nothing about board minutes and what they must include. Considering all relevant statutes and appellate decisions, it appears that there is no requirement that a board state the specific reasons for its actions in extending probation in its public meetings.

Both plaintiff and defendant allude to public policy considerations as support for their respective positions. We are inclined to view the statute as an attempt to provide public disclosure of primary policy considerations, but to limit disclosure of specific reasons to the teacher involved. Public disclosure of specifics can only serve to place more pressure on the teacher.

If the teacher feels the action of the board is arbitrary or capricious, the Michigan School Code and the Michigan teachers' tenure act provide adequate grounds for redress and appeal. Additionally, the courts are available as the facts of this case so clearly demonstrate.

In view of our resolution as to the first issue, we need not discuss the second issue regarding parol evidence as a supplement to board minutes.

Suffice it to say, we are in agreement with the trial judge's conclusions.

Affirmed. No costs, a public question being involved.

D. T. ANDERSON, J., *(concurring)*. I concur with the opinion of Judge BASHARA. The board of education made a finding, shown by its minutes, that the services of Andersen were not satisfactory. Such a finding is required by statute and *Munro v Elk Rapids School Dist,* 385 Mich 618; 189 NW 2d 224 (1971). However, there is no requirement that the minutes of the board of education specify the reasons for the finding of unsatisfactory service. That can be supplied by written notice to the teacher within the required time limit by an officer or employee of the board of education and at the board's direction.

M. F. CAVANAGH, J. *(dissenting)*. I respectfully dissent. The school board's action in this case is subject to the same defect which required reversal in *Dryden v Marcellus Community Schools,* 73 Mich App 40; 250 NW2d 782 (1976).

I fail to perceive any difference in the facts between the two cases which would justify a different result. I would direct the circuit court to order the school board to reinstate the plaintiff as a tenured teacher.