|144    49|
|f144   60|

### KEITH v. WENDT.

ELECTIONS—RECOUNT OF VOTES—PRESERVATION OF BALLOTS.

A recount of votes can be had, under 1 Comp. Laws. § 3725, only in cases when the recount board can find, from an inspection of the ballot box, that the statutory requirements for the preservation of the ballots as cast have been observed.

Certiorari to Wayne; Rohnert, J. Submitted April 17, 1906. (Calendar No. 21,645.) Decided April 30, 1906.

Mandamus by Evelyn Keith and others to compel Albert Wendt and others, composing the common council of the village of Fairview, to declare relators elected to certain offices and to issue certificates therefor. There was an order granting the writ, and respondents bring certiorari. Writ quashed.

*Daniel J. Campau* ( *Charles S. Hampton, Fred A.
Baker,* and *Moore & Moore,* of counsel ), for relators.

*Alex. J. Groesbeck, Edwin Henderson,* and *James D.
May,* for respondents.

MONTGOMERY, J.   This is certiorari to review the
decision of the circuit judge made on an application for
mandamus to require the respondents, who constitute the
common council of the village of Fairview, to declare the
relators, who were candidates for village offices, elected to
the various offices for which they were candidates.

The petition sets out that the relators were, according
to the declaration made on election day, elected; that,
after such declaration was made, the ballot box was not
kept in the manner required by statute; that the defeated
candidates had applied for a recount of the ballots; and
that such recount was not authorized, for the reason that
the requirements of the statute as to keeping the ballot
box and preserving the integrity of the ballots had not
been observed.

The circuit judge did not make a positive order for the
issue of certificates, but did direct that the board, before
proceeding to a recount, should make a preliminary ex-
amination of the ballot box and determine whether it had
been locked as provided by law, and whether it was sealed
with the election seal of the village as required by law.
The court further directed that, if the respondents should
find that the requirements of the law had not been ob-
served, the respondents should proceed to make the dec-
laration of relators' election.   The court further directed
that respondents should refrain from opening the ballot
box mentioned, until the further order of the court.
Some criticism is made of the form of the order, and par-
ticularly of the last clause.

The order staying action is in form unusual, but, as we
read the record, there seems little room for controversy as
to the main facts.   The order might therefore have been
broader in the first instance, if the rule contended for by

the relators be applied. That contention, briefly stated, is that a recount can be had, under 1 Comp. Laws, § 3725, only in cases when the recount board can find, from an inspection of the ballot box, that the statutory requirements for the preservation of the ballots as cast have been observed. We held, in *May* v. *Board of Canvassers of Wayne Co.*, 94 Mich. 511, that, where it claimed that the ballot box had been tampered with, it was the duty of the board to cause the box to be brought before it and make an investigation. It was also said that such investigation would be confined to an inspection of the box itself. It was not determined in terms that the board must, as a prerequisite to a recount, find that the box had been sealed as the statute requires; but we think such a view was foreshadowed. Further consideration has strengthened our belief that there can be no certainty in proceedings under this statute, if boards are permitted to set up standards of their own in regard to the steps necessary for the preservation of the ballots cast. The test must be this: Have the ballots been preserved as the law directs? See *Andrews* v. *Otsego Probate Judge*, 74 Mich. 284.

It is true that, in quo warranto proceedings, the law as to preservation of ballots is held so far directory that it becomes a question for a jury as to whether the ballots not cared for strictly as the law directs are in fact the ones cast at the election. *People* v. *Sackett*, 14 Mich. 320. In such case, however, there is an opportunity afforded for a judicial determination of the facts. The statute in question provides no machinery for a trial of disputed questions of fact, and such an important judicial power cannot be implied, if, indeed, it were competent to bestow it upon such a tribunal.

As the order made was less broad than the facts authorized, the writ of certiorari will be quashed, with costs.

CARPENTER, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.