CAMPBELL *v.* MURRAY.

1. ELECTIONS—RECOUNT—PRESERVATION OF BALLOTS—STATUTORY PROVISIONS MANDATORY.
    A recount of votes, where the provisions of the statute (1 Comp. Laws 1915, § 3708) for the preservation of the ballots as cast were not observed by the board of canvassers, is a nullity; the provisions of the statute in regard thereto being mandatory.

2. APPEAL AND ERROR—ISSUES PRESENTED TO COURT BELOW—ELECTIONS—RECOUNT.
    Where, in *quo warranto* proceedings to determine the right to hold the office of supervisor, the case was tried by defendant on the theory that a void recount was valid, and the ballots and box were not in evidence, he may not urge, upon error, that the court had the right, in said proceedings, to determine the question of fact as to whether the ballots, although not properly cared for under the statute, were in fact the ones cast at the election, and go behind the canvass and determine the number of votes cast for each candidate.

3. ELECTIONS—RECOUNT—EVIDENCE.
    Defendant's claim that, wholly apart from the recount, the evidence shows that he received the greater number of votes, *held*, not established by the record.

Error to Mecosta; Barton (Joseph), J. Submitted October 12, 1921. (Docket No. 99.) Decided November 3, 1921.

*Quo warranto* by Alfred E. Campbell against Douglas E. Murray to try the title to the office of supervisor of Big Rapids township, Mecosta county. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

On the scope and effect of provisions in election law for preservation of ballots, see note in 30 L. R. A. (N. S.) 602.

*Alpheus A. Worcester* and *Fred R. Everett,* for appellant.

*Arthur J. Butler* (*George E. Nichols,* of counsel), for appellee.

CLARK, J. The parties were rival candidates for the office of supervisor at the election of April 4, 1921. The ballot had a single ticket on which was plaintiff's name. Defendant ran on slips. When the canvass was completed the election of plaintiff was announced and he qualified. He claims that at the election for the office 243 votes were cast and that the canvassers announced the election by a vote of 121 to 105, and that certain ballots were not counted. Defendant claims and the minutes of the election show that 239 votes were cast, plaintiff receiving 116, defendant 105, and that 18 ballots were not counted.

After the canvass the ballots and tally sheet were placed in a box which was left in the township hall the night of the election. The box was not locked. There was a lock on it, but the clasp connecting the lid with the box proper was broken. The box was placed in a sack and the sack sealed. The key was taken and kept by an inspector, not the chairman of the board. The seal was kept by the clerk.

Defendant petitioned for a recount, which was had on April 7th. Plaintiff filed with the board written objections to the recount on the ground of the failure to observe the requirements of the statute respecting the locking and keeping of the ballot box and the keeping of the seal following the canvass. The board recounted the ballots found in the box and found that plaintiff received 117 votes and the defendant 117. The board then determined by lot the election of defendant, who qualified and took the office. Plaintiff brought *quo warranto.* At the conclusion of the proof,

both sides requested a directed verdict. A verdict was directed for plaintiff and judgment entered.

Defendant here insists that a verdict in his favor should have been directed. Section 5, chap. 14, of Act No. 266, Pub. Acts 1919, amending section 5, chap. 14, Act No. 203, Pub. Acts of 1917, 1 Comp. Laws 1915, § 3708, provides:

"After the ballots of each kind are counted they shall, together with one tally sheet, be placed in the ballot box which shall be securely sealed, as provided in section twenty of chapter ten, in such manner that it cannot be opened without breaking such seal. The ballot box shall then be delivered to the township or city clerk, but the keys of said ballot box shall be held by the chairman of the board and the election seal by one of the other inspectors of election."

The sealing provided by said section 20 of chapter 10:

"* * * The ballot box shall then be opened and the poll list placed therein, the box locked, and, at least five minutes before the removal of the same, a piece of leather or canvas so placed as to extend from the opening in the lid of said ballot box to the key hole and to completely cover both such holes, shall be placed thereon, and the same securely fastened thereon with sealing wax stamped with the official election seal of such township, ward or precinct, such piece of leather or canvas and the sealing wax to be so arranged as to render it impossible to open either of said holes without breaking said seal; or a covering for the opening of the said ballot box may be used of any other material so placed over said opening that it cannot be removed without opening the ballot box or breaking the seal fastening such covering, and provided also that a sealing device of either metal or wax be used and so arranged that the official seal of the township, ward or precinct can be stamped thereon and so arranged that the key cannot be inserted in the lock without breaking such seal." * * *

Because of the failure to lock and seal the ballot

box following the canvass by the board of canvassers, and the failure to have the box, seal and key kept as required by statute, the recount was a nullity. The statute is mandatory as applied to a recount board. It was said in *Keith* v. *Wendt*, 144 Mich. 49, that a recount of the votes can be had under the statute only in cases where the recount board can find from an inspection of the ballot box that the statutory requirements for the preservation of the ballots as cast have been observed. See *Ritze* v. *Iron County Canvassers*, 172 Mich. 423; *May* v. *Wayne County Canvassers*, 94 Mich. 505; *Andrews* v. *Otsego Probate Judge*, 74 Mich. 278; *Hartley* v. *Bay County Canvassers*, 205 Mich. 523, and cases there cited.

But defendant, conceding the above to be the rule and that it was correctly applied in the mandamus cases above cited respecting a recount by canvassers, boards or committees, contends here that in *quo warranto* the statute is directory, that it is a question of fact whether the ballots not cared for as the law directs are in fact the ones cast at the election, that the court may go behind the canvass to find the number of votes cast for a candidate, that upon *quo warranto* an opportunity is afforded for a judicial determination of the facts, that the statute in question provided no machinery for a trial of disputed questions of fact, and that to hold otherwise would put it in the power of ignorant, corrupt, or careless officers of election to frustrate any investigation into an election, citing: *People* v. *Van Cleve*, 1 Mich. 363; *People* v. *Tisdale*, 1 Doug. 59; *People* v. *Higgins*, 3 Mich. 233; *Keith* v. *Wendt*, 144 Mich. 49; *People* v. *Sackett*, 14 Mich. 320; *Baldwin* v. *Alger County Sup'rs*, 189 Mich. 372. Defendant's contention seems to be further sustained by a case and a note in which the authorities are fully reviewed found in 30 L. R. A. (N. S.) 602. But the case at bar seems to have been

tried upon the theory that the recount was valid. The. ballots and box were not in evidence.

But it is now claimed that wholly apart from the recount the evidence as to the election itself shows that defendant received the greater number of votes. Without considering the question of whether the court on *quo warranto* may canvass the votes and determine an election in the unexplained absence of the ballots, upon the memory of witnesses of what the ballots were, we think the testimony of the witnesses as to the ballots does not establish the claim. The record seems to indicate that 13 ballots were thrown out by the canvassers at election, which, under the holding in *Sawyer* v. *Hart*, 194 Mich. 399, should have been counted for the defendant, but the exact state and legal effect of the other ballots were not before the court.

Judgment affirmed.

STEERE, C. J., and WIEST, STONE, BIRD, and SHARPE, JJ., concurred. MOORE and FELLOWS, JJ., did not sit.