SMITH *v.* BOARD OF CANVASSERS OF SAGINAW COUNTY.

ELECTIONS—STATUTES—SEALING BALLOTS—MANDATORY PROVISIONS
—RECOUNT.

Section 5, chap. 14, Act No. 162, Pub. Acts 1921, providing that after ballots are counted they shall be securely tied in packages or rolls and sealed in such manner as to render it impossible to remove any of their contents without breaking the seal, that there shall be indorsed on said packages a statement showing the number and kind of ballots, and that they shall then be placed in a ballot box which shall be securely fastened and sealed in such manner as to render it impossible to open it without breaking the seal, is mandatory, and where not complied with the ballots lose their verity and a recount may not be had.

Mandamus by William M. Smith to compel the board of county canvassers of Saginaw county to recount the ballots in certain townships and city precincts.    Submitted October 5, 1922.    (Calendar No. 30,558.)    Writ denied October 6, 1922.

On scope and effect of provisions in election law for preservation of ballots, see note in 30 L. R. A. (N. S.) 602.

*Searl & Searl, Charles H. Goggin, George G. Hunter, Oliver Spaulding,* and *Romaine Clark,* for plaintiff.

*R. L. Crane,* Prosecuting Attorney (*John F. O'Keefe,* of counsel), for defendant.

WIEST, J.    At the primary election, held September 12, 1922, in the 8th congressional district, comprised of the counties of Saginaw, Gratiot, Montcalm, Ionia, Clinton and Shiawassee, plaintiff and Bird J. Vincent were rival candidates for the Republican nomination for representative in congress.  The official returns showed the nomination of Mr. Vincent by a small margin.    Plaintiff took proper steps for a recount of the votes in Saginaw county.    At the recount the board of county canvassers refused to count the votes of the townships of James and Fremont, and several precincts in the city of Saginaw, and plaintiff applied to this court for the writ of mandamus to compel the board to count the ballots in such rejected townships and precincts.

In response to the order to show cause the board of county canvassers have made return that the ballot boxes for the two townships were not securely sealed as required by law, in that the covers could be raised so as to extract the ballots without breaking the seal, and the inspectors of election did not cause to be indorsed upon the packages or rolls of ballots a statement showing the number and kind of ballots in the packages or rolls, and in the city precincts in question that the ballots had not been tied in packages or rolls in one precinct and in all the other precincts the packages or rolls were not indorsed with a statement showing the number and kind of ballots included in such packages or rolls, but admit that the ballot boxes in the city precincts were sealed with the sealing device required by law.    No plea having been filed to such return it must be taken as true.

It is conceded that the decision of the question presented turns upon whether section 5 of chapter 14, Act No. 162, Pub. Acts 1921, is mandatory or merely directory. That provision is as follows:

"After the ballots of each kind are counted they shall be securely tied in packages or rolls in such manner as to render it impossible to open such package or roll or remove any of the contents thereof without breaking the said seal, and said board of inspectors of election shall cause to be indorsed upon each of such packages or rolls a statement showing the number and kind of ballots included in such package. After all such packages or rolls of ballots are so indorsed they shall, together with one tally sheet, be placed in one ballot box, which shall be securely fastened and sealed with the official self-sealing metal seal furnished with the election supplies, such metal seal to be affixed in such manner as to render it impossible to open such ballot box without breaking such seal. The ballot box shall then be delivered to the township or city clerk."

We have no hesitancy in saying the statute is mandatory. The evident purpose of the precautions prescribed in the statute is to preserve the integrity of the ballots, so that, if necessary to resort to a recount thereof, it may be done with the assurance of having the ballots present the identical verity they bore when cast. Something considered just as good will not satisfy the statute. The mandate of the statute must be obeyed. If not obeyed in every particular the ballots lose their verity in the eye of the law, and no evidence can be permitted to supply such loss.

In the amendment of 1921 (above quoted) the legislature cut away some of the previous methods of securing the preservation of the integrity of the ballots exactly as cast and substituted a new security. The old law was mandatory, and the new law is no less so. *Campbell* v. *Murray*, 216 Mich. 236; *Hartley* v.

*Board of Canvassers*, 205 Mich. 523.     Many other cases might be cited.     This court, by a long line of decisions, stands firmly committed to the doctrine that laws enacted to preserve the evidence of the exercise of the elective franchise are mandatory.

This petition should have been presented to the circuit court for the county of Saginaw, and it was with reluctance, and only because of the extreme urgency of an early determination and the relief prayed against the State board of canvassers, that we entertained jurisdiction, and our exercise of jurisdiction in this instance must not be taken as indicative that we will so act in like future cases.

The writ is denied, but the question presented being one of public moment, no costs are awarded.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.     MOORE, J., did not sit.