POOLE v BOARD OF CANVASSERS OF WAYNE COUNTY

Docket No. 77-429. Submitted February 14, 1978, at Detroit.—Decided February 5, 1979.

Plaintiff, James E. Poole, was a candidate for trustee of Canton Township in the 1976 general election in which there were a substantial number of absentee ballots cast. He lost by 11 votes and petitioned for a recount in the machine and counting-board precincts. Defendant Wayne County Board of Canvassers determined that in the counting-board precinct where the absentee ballots were tallied the ballot box containing the absentee ballot bag was properly sealed but that the ballot bag was not. It further determined that there were 15 more names on the poll list than ballots found in the box and that the list contained no indication that any absentee ballots had not been returned. It subsequently appeared that 15 precinct workers had signed the poll list and voted directly on the machines used to count the absentee ballots. The board denied plaintiff's request for a recount of that precinct. Plaintiff filed a mandamus action in the Wayne Circuit Court against the Board of Canvassers of Wayne County, the State of Michigan, and the members of the Board of Canvassers to compel a recount of the precinct. The court, Joseph B. Sullivan, J., denied mandamus. Plaintiff appeals. *Held:*

The statute governing recounts of absentee ballots requires, for a recount to be permitted, that either a) both the ballot bag and ballot box be found sealed with a seal of record, or b) either the ballot box or ballot bag be found so sealed and the number of names on the poll list correspond with the number of ballots; the statute applies to absentee ballots tallied in counting board precincts as well as in absent voter counting places for the

REFERENCES FOR POINTS IN HEADNOTES

[1] 26 Am Jur 2d, Elections §§ 355-357.

Requirements as to manner of voting and of conducting elections. 97 ALR2d 234.

Irregularities in counting or canvassing. 97 ALR2d 331.

[2] 26 Am Jur 2d, Elections §§ 228, 229.

Requirements as to manner of voting and of conducting elections. 97 ALR2d 234.

purpose of preserving the integrity and the verity of the ballots in the event of a recount.

Affirmed.

D. E. Holbrook, P.J., dissented. He would hold that the words "election precinct" in the statute authorizing an election precinct inspector in a township to vote in the "election precinct" where he acts as an election officer regardless of his place of residence signifies a geographic area and does not include absent voter counting places; votes of election officers cast on an absent voter counting machine are improperly cast and the names of such voters should be struck from the poll list. Therefore a recount should be ordered of all ballots found in the absentee ballot box.

Opinion of the Court

1. Elections — Recounts — Absentee Ballots — Requirements for Recounts — Statutes.

The statute governing recounts of absentee ballots requires, for a recount to be permitted, that either a) both the ballot bag and ballot box be found sealed with a seal of record, or b) either the ballot box or ballot bag be found so sealed and the number of names on the poll list correspond with the number of ballots; the statute applies to absentee ballots tallied in counting board precincts as well as in absent voter counting places for the purpose of preserving the integrity and the verity of the ballots in the event of a recount (MCL 168.871[1]; MSA 6.1871[1]).

Dissent by D. E. Holbrook, P.J.

2. Elections — Election Precinct — Election Officers — Proper Place of Voting.

*The words "election precinct" in the statute authorizing an election precinct inspector in a township to vote in the "election precinct" where he acts as an election officer regardless of his place of residence signifies a geographic area and does not include absent voter counting places; votes of election officers cast on an absent voter counting machine are improperly cast (MCL 168.681; MSA 6.1681).*

*Peter B. Bundarin,* for plaintiff.

*Aloysius J. Suchy,* Corporation Counsel, and *W. B. McIntyre, Jr.,* Assistant Corporation Counsel, for defendants.

Before: D. E. HOLBROOK, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Plaintiff, James E. Poole, was a certified candidate of the Republican Party for the position of trustee of Canton Township in the November, 1976, general election. As a result of a write-in campaign for three other candidates, a substantial number of voters chose to vote absentee. These votes were tabulated pursuant to MCL 168.792a; MSA 6.1792(1). Plaintiff lost to another candidate by 11 votes.

Due to widespread allegations of errors in tabulating the votes, plaintiff petitioned for a recount of the machine precincts and of the counting-board precinct. In respect to the latter, where absentee ballots were tallied, defendant Wayne County Board of Canvassers determined that, although the ballot boxes containing ballot bags with absentee ballots inserted were properly sealed, the ballot bags were not. It also found that there were 15 more names on the poll list than ballots found in the ballot box;[1] the poll list contained no notations to indicate that any absentee ballots had not been returned.[2] It subsequently appeared that 15 precinct workers had signed the poll list and voted directly on the machines used to count the absentee ballots. This explanation exactly accounted for the discrepancy between the poll list and the number of ballots. Nevertheless, defendant denied plaintiff's request for a recount based on its reading of MCL 168.871(1); MSA 6.1871(1), and *Ryan v Wayne County Board of Canvassers,* 396 Mich 213;

---

[1] The poll list contained 1,323 names. Election inspectors found 1,301 ballots in the ballot box, plus four good ballots and three spoiled ballots locked inside the machine, for a total of 1,308 absentee ballots.

[2] Minutes of the Wayne County Board of Canvassers, December 13, 1976.

240 NW2d 236 (1976). Plaintiff petitioned for a writ of mandamus to compel a recount; the trial court upheld the defendant board's decision and denied the petition. Plaintiff appeals from that denial.

MCL 168.871(1); MSA 6.1871(1), establishes several prerequisites to a recount of paper ballots. The Michigan Supreme Court in *Ryan, supra,* considered the terms of the section in the context of a recount of absentee ballots tallied in an absent voter counting place.[3] In addition to reaffirming their mandatory nature, the Court summarized the procedures as follows: a recount will be permitted if (1) both the ballot bag and ballot box are sealed with a seal of record; or, (2) either the ballot box or ballot bag is so sealed *and* the number of names on the poll list corresponds with the number of ballots inside. *Ryan, supra,* p 218. In the instant case, only the ballot box was sealed with a seal of record. The number of names on the poll list, however, did not correspond with the number of ballots.

Despite the explicit language in *Ryan, supra,* and virtually identical rules for recounts promulgated by the State Board of Canvassers,[4] plaintiff argues that the Legislature intended to exempt recounts of absentee ballots tallied in counting

[3] In *Ryan, supra,* neither the ballot box nor the ballot bag was found to be properly sealed.

[4] R 168.911:

"Absent voters' ballots shall be recounted in the manner hereafter described for counting paper ballots."

R 168.918:

"If the ballot box is locked and sealed in such manner as to render it impossible to open it without breaking such seal, and if the ballots therein contained are properly wrapped, tied and sealed, the ballots shall be recounted; but if the ballots are not properly wrapped, tied and sealed or if the seal, tape or wrapper shall have been loosened or broken, such ballots shall be recounted only if they correspond in number with the poll list delivered to the county clerk."

board precincts from the requirements of MCL
168.871(1); MSA 6.1871(1). He relies most heavily
on the language contained in the last paragraph of
MCL 168.871(2)(c); MSA 6.1871(2)(c):

"Nothing in this section shall prevent the recounting
of absent voters ballots tallied in a counting board
precinct or in a precinct in which one or more ma-
chines are recountable if the ballots are securely pack-
aged and sealed."

Plaintiff argues that this section precludes the
mandatory application of the recount require-
ments for paper ballots. The only precaution
which need be observed to allow the recount of
absentee ballots apparently is the secure packag-
ing and sealing of the ballots, either in the ballot
box or ballot bag. In the instant case, the ballots
were found to be securely sealed within the ballot
box, and thus, it is argued, may be recounted.
Plaintiff further points to other provisions of the
election laws that indicate legislative intent to
tolerate possible discrepancies between the num-
ber of names on the poll list and the number of
absentee ballots returned and that only require
processing of absentee ballots in "as nearly as
possible the same manner" as paper ballots.[5] Con-
sequently, variations from the directives of MCL

_____

[5] MCL 168.792a(7); MSA 6.1792(1)(7). Plaintiff bases his argument
on the fact that the cited section permits the required polls list used
at absentee voter counting places to be drawn up from the applica-
tions themselves. Because no elector is required to cast his vote by
absentee ballot and may return to a regular polling place to vote,
MCL 168.792a(6); MSA 6.1792(1)(6), discrepancies between the num-
ber of returned ballots and the poll list could quite regularly exist.
The argument ignores the fact that MCL 168.792a(6); MSA
6.1792(1)(6), also requires the voter who so chooses to return his ballot
to the board of inspectors, who cancel and return the ballot to the
clerk. It is also the official practice to note this type of return on the
poll list. See footnote 2, supra.

168.871(1); MSA 6.1871(1), should not bar a recount in the case at bar.

Where ambiguities exist in a statute or a statute is susceptible of two or more meanings, courts may construe the statute in a reasonable fashion considering the purpose of the statute and the object to be accomplished. *King v Director of the Midland County Department of Social Services,* 73 Mich App 253, 258; 251 NW2d 270 (1977), *Royal Oak School District v Schulman,* 68 Mich App 589; 243 NW2d 673 (1976).

We are not persuaded by plaintiff's argument that the Legislature did not intend to subject recounts of absentee ballots to the same strictures placed on recounts of paper ballots.

MCL 168.792a; MSA 6.1792(1), cited by plaintiff to support his argument that the Legislature intended different procedures to apply to recounts of absentee ballots, also states that all laws applicable to paper ballot precincts apply equally to absentee ballots. Furthermore, in 1970 the Legislature amended the provisions concerning the processing of already-tallied absentee votes to read:

"Voted absent voters' ballots shall be placed in a ballot box and the ballot bag and ballot box shall be sealed in the manner provided by law for paper ballot precincts." MCL 168.792a(7); MSA 6.1792(1)(7).

Obviously, the Legislature intended that the same precautions be taken to preserve the integrity of voted absentee ballots and paper ballots alike. This directive and the more general language in MCL 168.792a; MSA 6.1792(1), together sweep broadly enough to include the recount requirements of MCL 168.871(1); MSA 6.1871(1), including the matching of poll list to number of ballots, within those provisions of the general election law appli-

cable to absentee ballots tallied in a counting board precinct.

To adopt the construction of the statute urged by plaintiff would only create greater uncertainty in recounts, a result certainly not intended by the Legislature. Where either the ballot bag or ballot box is not properly sealed, there is a risk that some discrepancy in the number of ballots cast may exist. The poll list, in such cases, provides a source of independent verification to insure that no ballots have been inserted or withdrawn prior to recount. Without the evidence provided by the list, there is no method of assuring, in a recount where the ballot bag or box have not been correctly sealed, that the ballots will present "the identical verity they bore when cast". *Ryan, supra,* p 217.

Plaintiff's reliance on the last paragraph of MCL 168.871(2); MSA 6.1871(2), is also misplaced. This section, including the language upon which plaintiff relies, was added in its entirety to the text of the act in 1965.[6] Its evident purpose was to deline-

---

[6] The added section reads:

"(2) Upon a recount before any board of canvassers in precincts in which voting machines are used, all machines used in the precincts petitioned for shall be recounted with the following exceptions:

"(a) No machines in a precinct shall be recounted if the sum of the numbers appearing on the public counters of all machines used in a precinct is in excess of the total of the number of voters who voted in the precinct as shown by the poll book, and the number of times the machine was operated by the inspectors and custodians, as shown by the record of the election inspectors, unless the reason for such excess can be satisfactorily explained to the board of canvassers by the election inspectors of that precinct.

"(b) If a voting machine is not sealed with the seal of record in such a manner as to render it impossible to vote on the machine or to otherwise change the totals appearing on the individual candidate or proposition counters, that voting machine shall not be recounted.

"(c) If the number appearing on the protective counter of a machine at the time of the recount does not equal the total of the number appearing on the protective counter at the opening of the polls as shown by the certificate of election inspectors, and the number

ate, for the first time, the circumstances under which a recount of a machine would be permitted or prohibited. At the same time, it was intended to clarify the situations where a recount of absentee ballots tallied on a voting machine was permissible, even though the machine itself, by the terms of the section, could not be recounted. The word "section", therefore, although capable of being read as referring to MCL 168.871(1); MSA 6.1871(1), as well, is more logically read as referring to the amendment alone, and not to the recount provisions in the preceding section.

Nor does the qualificatory language "if * * * securely packaged and sealed" in MCL 168.871(2)(c); MSA 6.1871(2)(c), constitute the only condition precedent to a recount of absentee ballots, as plaintiff argues. Normally "qualifying words and phrases refer solely to the last antecedent where no contrary intention appears". *Kizer v Livingston County Board of Commissioners*, 38 Mich App 239, 252; 195 NW2d 884 (1972), *Northville Coach Line, Inc v Detroit*, 379 Mich 317, 331; 150 NW2d 772 (1967). In the section under consideration here, the last antecedent to which the qualifying phrase can refer is to absentee ballots tallied "in a precinct in which one or more machines are recountable". Application of this construction to the statutory language simply renders

---

appearing on the public counter at the time of the recount that voting machine shall not be recounted.

"If one or more voting machines in a precinct can not be recounted, the original return of the election inspectors for such machine or machines shall be taken as correct.

"In any machine precinct which can not be recounted, absent voters ballots tallied in such precinct shall not be recounted unless recorded separately.

"Nothing in this section shall prevent the recounting of absent voters ballots tallied in a counting board precinct or in a precinct in which one or more machines are recountable if the ballots are securely packaged and sealed."

the section silent as to the requirements for re-counting absentee ballots tallied in a counting board precinct and comports with the procedures used in voting machine precincts which process absentee ballots as well as machine votes.[7]

We hold, therefore, that, because the ballot box was properly sealed but the ballot bag was not so sealed and the number of names on the poll list did not equal the number of ballots in the box, the ballots are not recountable. Despite the explanation proffered for the discrepancy, we reach this conclusion in light of the statutory purpose to preserve the integrity of the ballots in the event a recount is necessary. *Smith v Board of Canvassers of Saginaw County,* 220 Mich 318, 320; 189 NW 856 (1922). To hold otherwise would defeat this purpose.

Affirmed. No costs, a public question being involved.

V. J. BRENNAN, J., concurred.

D. E. HOLBROOK, P.J. *(dissenting).* This writer votes to reverse. The facts are set forth adequately in the majority opinion. Admittedly, the subject absentee ballots were not properly sealed in ballot bags and, due apparently to the voting method utilized by the county board election workers, the number of ballots preserved did not correspond to the number of entries in the poll book. Nevertheless, the ballot box was sealed with the seal of record. A record of the properly cast absentee ballots has thus been preserved intact.

---

[7] Where counting boards are not used to tally absentee ballots, MCL 168.791; MSA 6.1791, provides for the tallying of these ballots in a straight machine precinct. After counting the votes, the ballots are sealed in an envelope or "wrapped and tied in the manner provided at elections where voting machines are not used" and locked inside the voting machine.

The 15 election workers who recorded their own individual ballots on the machine used to tally absentee ballots did so on the basis of the township clerk's reading of MCL 168.681; MSA 6.1681: "Any precinct election inspector in any township shall have the right to vote in the election precinct where he acts as such election officer, even though he resides in another election precinct of the same township". As defined in MCL 168.654; MSA 6.1654, "election precinct" clearly signifies a geographic area and was not intended to include an absent voter counting place as provided for in MCL 168.792a; MSA 6.1792(1). Absent voters' counting places were not established as polling places; rather they were intended to serve merely a recording function. The separate counting place was established expressly to prevent the recount difficulties experienced in the instant case.

In *Groesbeck v Board of State Canvassers,* 251 Mich 286, 291; 232 NW 387 (1930), the Court stated that:

"Some provisions are made mandatory in absolute effect by the use of specific imperative language. Others, while employing no special emphatic words, are held mandatory because they are designed to preserve the purity of the election, the secrecy of the vote, or the official character and integrity of the ballots both during and after the election. Such mandatory provisions must be given full effect even though it results in disfranchisement of voters or prevention of recount. *Attorney General v. May,* 99 Mich. 538 [58 NW 483] (25 L.R.A. 325 [1894]); *Attorney General v. Glaser,* 103 Mich. 396 [61 NW 648] (1894); *Keith v Wendt,* 144 Mich. 49 [109 NW 443 (1906)]; *People v. Rinehart,* 161 Mich. 585 [126 NW 704 (1910)]; *Ritze v. Board of Canvassers, 172 Mich. 423* [137 NW 964 (1912)]; *Smith v. Board of Canvassers,* 220 Mich. 318 [189 NW 856 (1922)].

"Other provisions, however, while expressed manda-

torily, are held directory in some circumstances, in that their nonobservance is not fatal to a count of ballots, notably when they involve the performance of duty by an election official, the neglect of which has no effect upon the election or will result in disfranchising voters without their fault. An elector has the right to rely upon a legally authenticated ballot, in statutory form, handed to him at the polls by an election official, as being an official ballot upon which he can cast a lawful vote for a candidate of his choice. He is not bound to trace the history of the ballot to ascertain that all the provisions of law have been fulfilled in its preparation."

Although the votes of election workers who recorded their ballots on the counting place machine were improperly cast, although the outcome of the election may have been altered by their vote and although solely as a result of the workers' mistake the number of ballots does not equal the number of voters' names entered in the poll book, the majority interprets the above section and *Ryan v Wayne County Board of Canvassers,* 396 Mich 213; 240 NW2d 236 (1976), which relied upon *Groesbeck, supra,* to preclude a recount of the absentee ballots. This writer is drawn by the same authority to the conclusion that the names of the election workers who voted improperly should be struck from the poll book.

If the Court were to adopt this approach, the rectified poll book would contain the same number of entries as the sealed ballot box contains ballots. Under MCL 168.871; MSA 6.1871, and the regulations promulgated by the State Board of Canvassers under MCL 168.889; MSA 6.1889, the absent voters' ballots recorded at the counting board would be recountable since two of the three mandatory requirements to allowing a recount have been met. This writer does not believe that the suggested result would contravene the intent of

the relevant Michigan election laws as expressed in *Ryan, supra,* at 216-217:

" 'The evident purpose of the precautions prescribed in the statute is to preserve the integrity of the ballots, so that, if necessary to resort to a recount thereof, it may be done with the assurance of having the ballots present the identical verity they bore when cast.' *Smith v Board of Canvassers of Saginaw County,* 220 Mich 318, 320; 189 NW 856 (1922)."

This writer would reverse.