FRANKENMUTH MUTUAL INSURANCE COMPANY v
DEPARTMENT OF TREASURY

Docket No. 67043. Submitted January 4, 1984, at Lansing.—Decided
May 14, 1984. Leave to appeal applied for.

The Department of Treasury issued a deficiency assessment
against Frankenmuth Mutual Insurance Company on its single
business tax for the taxable year 1978. Frankenmuth paid the
deficiency, plus interest, and filed a complaint in the Court of
Claims to recover the alleged overpayment. The dispute cen-
tered around the correct method of determining the fraction
used to reduce the adjusted tax base of the taxpayer under the
alternative method of calculating the adjusted tax base and
whether certain exempted compensation should be subtracted
from the taxpayer's tax base before or after apportionment.
The court, James T. Kallman, J., ruled in favor of the Depart-
ment of Treasury and denied the relief sought by plaintiff.
Plaintiff appeals. *Held:*

1. The "compensation numerator", or the amount of compen-
sation to be divided by the tax base to determine the percent-
age by which the adjusted tax base is to be reduced, should not
include compensation subject to exemption. The numerator was
erroneously computed in this case by including all compensa-
tion paid by the taxpayer. The case is remanded for recomputa-
tion of the numerator.

2. The trial court correctly concluded that the term "total tax
base", the figure to be used as the denominator of the fraction,
is the taxpayer's tax base prior to apportionment.

3. The compensation exemption is to be applied in reaching a
taxpayer's tax base before apportionment. In calculating the
fraction to be used in reducing the adjusted tax base, exempted
compensation is not included in the compensation numerator

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 145.
[2] 73 Am Jur 2d, Statutes § 275.
[3] 71 Am Jur 2d, State and Local Taxation §§ 465, 479.
[4] 71 Am Jur 2d, State and Local Taxation § 483 *et seq.*

and the unapportioned tax base should be used as the denominator.

Remanded for recomputation.

1. Statutes — Judicial Construction.

The primary and fundamental rule of statutory construction is that the court ascertain and give effect to the intention of the Legislature.

2. Statutes — Judicial Construction — Legislative Intent.

Legislative intent may be found by looking to the purpose and objectives sought to be accomplished where ambiguities exist in a statute or a statute is susceptible of two or more meanings.

3. Taxation — Single Business Tax — Insurers — Compensation Exemption — Tax Base.

The compensation exemption allowed insurance companies by the Single Business Tax Act for commissions and salaries paid to insurance salesmen and claims adjusters is to be applied in reaching an insurer's tax base before the tax base is apportioned (MCL 208.9, 208.35[1][e]; MSA 7.588[9], 7.558[35][1][e]).

4. Taxation — Single Business Tax — Insurers — Percentage Reduction Fraction.

Compensation exempted under the Single Business Tax Act for payment of commissions and salaries of insurance salesmen and claims adjustors is not to be included in the compensation numerator of the fraction used in reducing an insurer's adjusted tax base and the unapportioned tax base of the insurer should be used as the denominator of the fraction (MCL 208.9, 208.31[5], 208.35[1][e]; MSA 7.558[9], 7.558[31][5], 7.558[35][1][e]).

*Dickinson, Wright, Moon, VanDusen & Freeman* (by *Ernest Getz),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Curtis G. Beck,* Assistants Attorney General, for defendant.

Before: Bronson, P.J., and M. J. Kelly and R. S. Hoffius,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

BRONSON, P.J. Plaintiff appeals as of right from a September 10, 1982, Court of Claims order in favor of defendant denying plaintiff's claim for a single business tax refund in the amount of $7,885.

This case involves the construction and interplay of various sections of the Michigan Single Business Tax Act (SBTA), MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.* The parties dispute the amount of tax due from plaintiff for the taxable year 1978.

The starting point for determining SBTA liability is SBTA § 9, MCL 208.9; MSA 7.558(9), which uses business income as a basis and then provides for certain additions and subtractions thereto in order to arrive at the taxpayer's "tax base". Under Chapter 3 of the SBTA, multistate enterprises must apportion part of their tax base to their Michigan operations. The general method for calculating this apportioned or "adjusted tax base" is set forth in SBTA § 31(2), MCL 208.31(2); MSA 7.558(31)(2). The SBTA then imposes a 2.35% tax on the business's adjusted (Michigan) tax base.

An alternative method of calculating the adjusted tax base is provided in SBTA § 31(5), MCL 208.31(5); MSA 7.558(31)(5). The reason for this optional method is that, under the SBTA, a taxpayer's tax base includes compensation[1] paid by a taxpayer business, SBTA § 9(5), MCL 208.9(5); MSA 7.558(9)(5). Thus, to provide some tax relief for labor intensive businesses, the Legislature enacted SBTA § 31(5).

At the time of the filing of this case in the lower court, § 31(5) provided:

"(5) In lieu of the adjustment provided in subsection

---

[1] "Compensation" is defined in § 4(3), MCL 208.4(3); MSA 7.558(4)(3).

(2)[2] or (3)[3] a person may elect to reduce the adjusted tax base by the percentage that the compensation divided by the total tax base exceeds 63%. The deduction shall not exceed 37% of the adjusted tax base."

The first issue presented in this case is what is the proper calculation of the percentage reduction of adjusted tax base under SBTA § 31(5) in determining plaintiff's 1978 SBTA liability. The dispute focuses on the construction of both the § 31(5) "compensation numerator" and the "total tax base denominator".[4]

Resolution of this issue is complicated in the instant case by the fact that, although compensation is generally included in a taxpayer's tax base, certain types of compensation are exempted from taxation. Relevant to the instant appeal is the exemption provided in SBTA § 35(1)(e), MCL 208.35(1)(e); MSA 7.558(35)(1)(e):

"That portion of the payroll of domestic insurers or of a marketing corporation that constitutes insurance sales commissions paid to employees and salaries of employees primarily concerned with the adjustment of claims. This exemption shall not apply to a marketing corporation which is not controlled, directly or indirectly, by stock ownership or common management, by the domestic insurer or insurers from which it derives all or substantially all of its gross income, exclusive of income from investments."

At the time this case was filed, the statute did not state whether the term "compensation" in § 31(5)

---

[2] MCL 208.31(2); MSA 7.558(31)(2).

[3] MCL 208.31(3); MSA 7.558(31)(3).

[4] The greater the amount of the "compensation numerator" and the smaller the amount of the "total tax base denominator", the greater will be the percentage reduction of the adjusted tax base. Accordingly, plaintiff argues in support of a larger compensation number, but a smaller total tax base number, than does defendant.

included exempted compensation. Plaintiff argues that the "compensation numerator" of § 31(5) includes *all* compensation (whether exempt or not). Defendant contends that the § 35(1)(e) exemption for compensation should be deducted from the "compensation numerator" in arriving at the § 31(5) reduction.

Recently, in *Bechtel Power Corp v Dep't of Treasury,* 128 Mich App 324; 340 NW2d 297 (1983), *lv applied for* (1983), this Court rejected the petitioner's argument that the "compensation numerator" in § 31(5) included specific compensation exempt under § 35(1)(f). The Court agreed with the department that, having excluded a specific amount of compensation from the scope of taxation pursuant to § 35(1)(f), the Legislature could not have intended to permit inclusion of that excluded compensation for purposes of obtaining further tax relief under § 31(5). *Bechtel,* p 329. The Court's construction received support in 1982 PA 414 which amended § 31(5) to provide that "for purposes of computing the deduction allowed by [§ 31(5)], * * * compensation shall not include amounts of compensation exempt from tax under section 35(1)(e) or (f)".[5]

We adopt the *Bechtel* Court's construction of § 31(5) and conclude that the "compensation numerator" does not include compensation exempt under § 35(1)(e). Plaintiff asserts that since this issue was not contested below and the percentage reduction was calculated by including all compen-

[5] The Court rejected the petitioner's attack on the alleged unlawful retroactive application of 1982 PA 414 because its result was wholly based on construction of the statute as it existed prior to the amendment. Clarifying amendments may be enacted where uncertainty exists as to the meaning of a statute in order to make "plain what the legislative intent had been all along from the time of the statute's original enactment". *Detroit Edison Co v Janosz,* 350 Mich 606, 614; 87 NW2d 126 (1957).

sation into the numerator, this issue is not properly before this Court. We disagree. The overriding issue is what is the computation of the proper adjusted tax base deduction pursuant to § 31(5). To construe only the denominator provision while declining to address the numerator issue would result in an erroneous application of § 31(5) and serve little purpose. We conclude that the numerator was erroneously computed and remand this cause for recomputation in light of our construction of the numerator provision.

We now turn to the calculation of the § 31(5) denominator. Plaintiff argues that the term "total tax base" in the denominator means the tax base after allocation or apportionment as provided in Chapter 3 of the SBTA. The lower court found that the meaning of the term "total tax base" was unclear, but, after applying principles of statutory construction, ruled that the Legislature intended "total tax base" as used in SBTA § 31(5) to mean the SBTA § 9 tax base prior to apportionment. We agree with the lower court.

The primary and fundamental rule of statutory construction is that the court ascertain and give effect to the intention of the Legislature. *White v Ann Arbor,* 406 Mich 554; 281 NW2d 283 (1979). Where ambiguities exist in a statute or a statute is susceptible of two or more meanings, legislative intent may be found by looking to the purpose and objectives sought to be accomplished. *Poole v Bd of Canvassers of Wayne County,* 88 Mich App 299; 276 NW2d 587 (1979).

The numerator of the § 31(5) fraction (whether or not it includes exempt compensation) is an unapportioned figure, *i.e.,* it does not reflect only that compensation properly allocated to a taxpayer's Michigan business activity. Plaintiff's con-

struction of the term "total tax base" would yield the result that this unapportioned compensation would be divided by an apportioned tax base in order to determine by what percentage the adjusted tax base is reduced. Section 31(5) is designed to give a tax break to labor-intensive businesses. It would be illogical to measure labor intensity by comparing worldwide compensation to a Michigan-only tax base.

In support of its construction, plaintiff relies on SBTA § 31(8), which provided:

"(8) For the purposes of subsections (5), (6), and (7) and section 36, when calculating the total tax base the effects of the adjustments provided in section 23 shall be excluded and any depreciation, amortization, or immediate or accelerated write-off related to the cost of tangible assets not added in section 9(4)(c) shall be included."

Since § 23 provides for adjustments after apportionment, plaintiff argues that "total tax base" means § 9 tax base after apportionment.

Contrary to plaintiff's contention, we believe that § 31(8) supports the lower court's construction of the term "total tax base". 1981 PA 208 deleted the term "total tax base" and supplanted it with the term "tax base". 1981 PA 208, § 3, explains the amendment as follows:

*"Deletions of the word 'total'* made by this amendatory act in section 31 of the single business tax act, Act No. 281 of the Public Acts of 1975, as amended, being section 208.35 of the Michigan Compiled Laws, *shall serve to cure and clarify any misinterpretation of the operation of section 31 since the effective date of Act No. 273* of the Public Acts of 1977. When originally enacted by Act No. 228 of the Public Acts of 1975, section 31 used the term 'total tax base' to indicate that

the exclusions made by section 9(4)(c) of the single business tax act of a portion of the depreciation, amortization, or immediate or accelerated write-off related to the cost of tangible assets should be added back to the tax base, before apportionment or allocation, for purposes of section 31. However when, by Act No. 273 of the Public Acts of 1977, section 9(4)(c) was amended to require that all depreciation, amortization, or immediate or accelerated write-off related to the cost of tangible assets be included in a person's tax base, there became no difference between the 'tax base' and 'total tax base' of a person. *The deletion of the word 'total' by this amendatory act is an expression of the Legislature's intent that the terms 'total tax base' and 'tax base' were, since the effective date of Act No. 273 of the Public Acts of 1977, to be considered synonymous and that its deletion by this amendatory act should be interpreted as a resolution of further misinterpretations.*" (Emphasis added.)

Finally, we believe that to construe "total tax base" to be less inclusive than "tax base" perverts the plain meaning of the word "total" by defining "total tax base" as something less than tax base. Accordingly, we hold that the lower court correctly construed "total tax base" in § 31(5) to be the tax base prior to § 40 allocation or § 41 apportionment.

The second major question presented in this case results from the act's failure to specify whether the § 35(1)(e) compensation exemption applies before or after apportionment. The § 35(1)(e) exemption is not limited to a taxpayer's Michigan business activity. Section 35(1)(e) provides the labor-intensive taxpayer with a tax benefit; we do not believe the Legislature intended to additionally provide a benefit derived from the disproportionate application of an unapportioned compensation deduction against an apportioned tax base. Once again we conclude that the purposes of the SBTA

are furthered by subtracting the § 35(1)(e) exemption from a taxpayer's unapportioned tax base.

Plaintiff's reliance on the language and structure of the act is unconvincing. Section 35(1)(a), which provides for another type of exemption, states that, in calculating the § 35(1)(a) exemption, an after-apportionment tax base should be used. Contrary to plaintiff's assertion, § 35(1)(a), by specifically limiting an after-apportionment tax base "for the purposes of this subdivision", strongly implies that subdivision (a) alone is to be applied after apportionment. We are similarly unpersuaded that the definition of "adjusted tax base" in § 31(2) indicates that the § 35(1)(e) exemption should be taken after apportionment. Rather, the only link between adjusted tax base and the compensation exemption is that, once the § 31(5) percentage reduction is computed, the resulting deduction is subtracted from the adjusted tax base.

In summary, we hold that the § 35(1)(e) compensation exemption is applied in reaching a taxpayer's "tax base" under § 9 before apportionment. Furthermore, in calculating the § 31(5) fraction used in reducing the adjusted tax base, compensation exempted by § 35(1)(e) is not included in the compensation numerator and the unapportioned § 9 tax base should be used as the denominator.

Remanded for recomputation in accordance with this opinion.